08CV1589
JUDGE KENNELLY
MAG. JUDGE NOLAN

FILED
MAR 1 8 2008
Mar 18, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

EXHIBITS

NOTICE
The text of this order may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.

FOURTH DIVISION
APRIL 26, 2007

No. 1-06-2093

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 88 CR 12517 |
| | ) | |
| JEROME HENDRICKS, | ) | Honorable |
| | ) | Wilber E. Crooks, |
| Defendant-Appellant. | ) | Judge Presiding. |

### ORDER

This is an appeal from an order of the circuit court of Cook County dismissing a successive postconviction petition filed by petitioner Jerome Hendricks.

The record on appeal discloses that following a bench trial in the circuit court of Cook County, Hendricks was found guilty of first degree murder, aggravated criminal sexual assault, concealment of a homicidal death and aggravated kidnaping. The trial court found defendant eligible for the death penalty, but sentenced him to natural life in prison for the murder, with sentences of 30 years for the aggravated criminal sexual assault, five years for the concealment of a homicidal death, and 15 years for the aggravated kidnaping, to be served concurrently to each

1-06-2093

other, but consecutive to the natural life sentence. This court affirmed his conviction and sentence in People v. Hendricks, 253 Ill. App. 3d 79 (1993).

On February 24, 1994, Hendricks filed a petition for postconviction relief, raising the same arguments raised in his direct appeal. The trial court summarily dismissed the petition on March 21, 1994. On November 21, 1994, this court affirmed the trial court's dismissal of the petition.

Meanwhile, on April 19, 1994, Hendricks filed a successive pro se postconviction petition, raising the same arguments raised in his direct appeal and in his initial postconviction petition. On September 16, 1994, the trial court advanced the petition to the second stage of the proceedings contemplated by the Post-Conviction Hearing Act. On December 16, 1994, the State moved to dismiss the second petition on grounds of res judicata and waiver; the trial court granted the motion to dismiss.

On November 18, 1996, this court entered an order vacating the dismissal of the second petition and remanding the case in order that petitioner's counsel could comply with Rule 651(c).

From March 1997 through October 2003, the matter was continued on a number of occasions, as three different assistant public defenders handled petitioner's case. During the same period Hendricks filed three motions seeking the appointment of counsel from a bar association, alleging a conflict of interest. Hendricks does not identify any ruling on the first two motions, but the trial court denied the third such motion and Hendricks continued to be represented by the public defender. In 2001, one of petitioner's counsel filed a supplemental postconviction claim based on Apprendi v. New Jersey, 530 U.S. 66, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). The

1-06-2093

Rule 651(c) certificate was filed on July 30, 2003. On October 15, 2003, the trial court file stamped the Rule 651(c) certificate and dismissed the case.

On February 15, 2005, Hendricks filed a motion to vacate an adverse judgment, stating that he had not received notice of the October 15, 2003, dismissal until January 3, 2005. The trial court denied the petition, but on July 11, 2006, the Illinois Supreme Court issued a supervisory order allowing Hendricks to file a notice of appeal to this court from the dismissal of the successive postconviction petition.

On appeal, Hendricks argues that: (1) the trial court erred in denying his motions for substitution of counsel; (2) his sentences for aggravated criminal sexual assault, concealment of a homicidal death and aggravated kidnaping cannot be consecutive to the murder sentence; and (3) his natural life sentence is void under Apprendi. This court will address each argument in turn.

I

Illinois courts have allowed a successive postconviction petition to go forward only when the proceedings on the initial petition were "deficient in some fundamental way." People v. Szabo, 186 Ill. 2d 19, 23 (1998); People v. Flores, 153 Ill. 2d 264, 273-74 (1992). This limitation on the circumstances in which successive petitions are allowed is designed to achieve a balance between society's interest in the finality of criminal convictions and the individual defendant's interest in vindicating constitutional rights. People v. Szabo, 186 Ill. 2d at 23 Flores, 153 Ill. 2d at 274. Post-conviction relief is limited to constitutional deprivations occurring at trial or sentencing. 725 ILCS 5/122-1(a) (West 1994). Moreover, because there is no constitutional right to counsel in post-conviction proceedings (Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct.

3

1-06-2093

1990, 95 L. Ed. 2d 539 (1987)), postconviction petitioners are entitled only to the level of assistance provided in the Act. People v. Turner, 187 Ill. 2d 406, 410 (1999). Thus, for example, "post-conviction counsel is not required to comb the record for issues not raised in the defendant's pro se post-conviction petition." People v. Helton, 321 Ill. App. 3d 420, 424-25 (2001).

In this case, Hendricks has not shown that the proceedings on his initial petition were deficient in any way, let alone that they were deficient in some fundamental way. Hendricks admits that his second petition was identical in substance to his first petition. Nor does Hendrix allege a fundamental deficiency in the first proceedings in any of his motions for substitution of counsel. Indeed, Hendricks points to no such deficiency in his brief before this court. Counsel for his successive postconviction petition were not required to scour the record for evidence outside petitioner's claims, which this court has already ruled were barred by res judicata and waiver in his first postconviction proceedings. The record does reflect that postconviction counsel supplemented his petition with a claim under the then-recent case of Apprendi.

Nevertheless, Hendricks claims that under People v. Lyons, 46 Ill. 2d 172 (1970), the trial court erred in failing to substitute new counsel or to make adequate inquiries into his allegations. However, a reading of Lyons reveals not only that it addressed an initial postconviction petition, but also that the trial court made no inquiry into the cause for the delay in preparation and documented them in the record. Lyons, 46 Ill. 2d at 175. In contrast, as is amply documented in petitioner's own brief, the trial court repeatedly made inquiries of the various counsel as to the status of their progress. Indeed, the trial court ultimately set ever-shorter continuances to ensure that the Rule 651(c) certificate was filed.

1-06-2093

This is not to say that the public defender's postconviction unit should not be embarrassed by its performance in this matter, beginning with the failure to file the Rule 651(c) certificate in the first instance. Given the duplicative nature of petitioner's second petition, it should not have taken over five years for counsel to discover whether the initial postconviction proceedings were fundamentally deficient and prepare the proper paperwork, including the certificate. Indeed, these matters should have been known to counsel when the successive petition was dismissed. However, given that Hendricks has made absolutely no showing that his first postconviction proceedings were fundamentally deficient, this court cannot conclude that his legal rights were prejudiced by counsels' delay in filing the Rule 651(c) certificate in this case. Hendricks complains of the procedural hurdles imposed by the Act, but these requirements would be imposed on any successive petition, including this one. Moreover, the general time limit for filing a third petition ran before the delay on remand to the trial court. Accordingly, we cannot conclude that the trial court's refusal to appoint outside counsel warrants reversing the trial court's dismissal in this case.

II

Hendricks next argues that his sentences for aggravated criminal sexual assault, concealment of a homicidal death and aggravated kidnaping cannot be consecutive to the natural life sentence for murder, citing People v. Palmer, 218 Ill. 2d 148 (2006) and People v. Dixon, 366 Ill. App. 3d 848 (2006).

The State first responds that the issue has been waived by petitioner's failure to raise the issue in his petition. Generally, any claim of substantial denial of constitutional rights not raised in an original or amended postconviction petition is waived. 725 ILCS 5/122-3 (West 2004).

5

However, "[a] void order may be attacked at any time or in any court, either directly or collaterally." People v. Thompson, 209 Ill. 2d 19, 27 (2004). A sentence imposed without statutory authority is not subject to a defendant's forfeiture. Palmer, 218 Ill. 2d at 154. See also People v. Arna, 168 Ill. 2d 107, 113 (1995). Further, an argument that an order or judgment is void is not subject to waiver and may be raised for the first time on appeal from the dismissal of a postconviction petition because this argument "does not depend for its viability on his postconviction petition." Thompson, 209 Ill. 2d at 27. A sentencing judge cannot impose a penalty not otherwise allowed by the sentencing statute in question. Palmer, 218 Ill. 2d at 154. Additionally, "courts have an independent duty to vacate void orders." Thompson, 209 Ill. 2d at 27. Accordingly, defendant's argument is not waived.

In Palmer, the defendant received seven natural life sentences, to run consecutively. In addressing the consecutive nature of his sentences, the Palmer court recognized the impossibility of serving consecutive natural life sentences both according to natural law and within the plain meaning of the consecutive sentencing statute. 730 ILCS 5/5-8-4(a) (West 2004); Palmer, 218 Ill. 2d at 164. "This impossibility is based on the critical distinction between a term of natural-life imprisonment and that of a term of years, namely, the particular sentences' potential for release of defendant." Palmer, 218 Ill. 2d at 164. Unlike a term of years, the Code provides that "[n]o person serving a term of natural life imprisonment may be paroled or released except through executive clemency." 730 ILCS 5/3-3-3(d) (West 2004). The Palmer court further explained that its previous decisions had failed to acknowledge the impossibility of serving and enforcing sentences consecutive to death or life without parole. Palmer, 218 Ill. 2d at 165.

1-06-2093

Further, Palmer reasoned that it "belabors the obvious to state that at the conclusion of a defendant's first natural-life sentence, his life is over." Palmer, 218 Ill. 2d at 167. The Illinois Department of Corrections cannot enforce an order imposing another natural life sentence consecutive to it and thus, consecutive natural life sentences cannot follow in a series one after another. Palmer, 218 Ill. 2d at 167. "Defendant cannot serve two natural-life sentences in sequence, nor will the total amount of two or more natural-life sentences ever be more than defendant's one life. There is only one way in which a defendant can serve the sentences, with his one life." Palmer, 218 Ill. 2d at 167-68. Additionally, "[a]bsent the death penalty, it is not possible to punish a defendant more harshly." Palmer, 218 Ill. 2d at 168. Lastly, the Palmer court held that a defendant's actual sentence was governed by the laws of nature, regardless of whether a trial court imposed his sentence consecutively or concurrently. Because that defendant could only serve his natural life sentences concurrently, the Palmer court reversed the circuit court's imposition of consecutive natural life sentences and modified his sentences to run concurrently. Palmer, 218 Ill. 2d at 170.

Our supreme court has not addressed whether a term of years could be served consecutively to a natural life sentence, but in People v. Dixon, 366 Ill. App. 3d 848, appeal denied, 222 Ill. 2d 582 (2006), this court followed the logic of Palmer to hold that it was impossible to serve or enforce sentences consecutive to life without parole because there was only one way a defendant can serve a natural life sentence, with his one life. Dixon, 366 Ill. App. 3d at 856, citing Palmer, 218 Ill. 2d at 164. Thus, the court applied Palmer and vacated the consecutive nature of the defendant's sentences, ordering them to be served concurrently. Dixon, 366 Ill. App. 3d at 856.

7

1-06-2093

The State argues that under People v. Jones, 213 Ill. 2d 498 (2004), this court lacks the authority to address the issue for the first time on appeal, but Jones involved an issue of judicial admonishments, not the issue of a void sentence. Thus, we agree with Dixon and hold that the analysis and rationale of Palmer apply equally here. Accordingly, pursuant to Supreme Court Rule 615(b)(4) (134 Ill. 2d R. 615(b)(4)), we vacate the circuit court's order that defendant's sentences be served consecutively and modify his sentences to impose concurrent sentences.

III

Finally, Hendricks argues that his extended-term natural life sentence is invalid under the Supreme Court's decision in Apprendi. Hendricks acknowledges that our supreme court has already ruled that Apprendi does not apply retroactively to cases where--like his--the direct appeal was already decided before Apprendi was decided. People v. De La Paz, 204 Ill. 2d 426, 434 (2003); see Lucien v. Briley, 213 Ill. 2d 340, 347-48 (2004). Hendricks states he is preserving the issue for further review. However, under these circumstances, Hendricks cannot argue that this court may review the question de novo. This court is bound to follow the decisions of our supreme court on the issue. Moreover, the specific legal arguments raised by Hendricks here have been considered and rejected by this court in People v. Kelley, 366 Ill. App. 3d 676 (2006), and we find the reasoning of that opinion to be entirely sound.

For all of the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL, J., with QUINN, P.J., and NEVILLE, J., concurring.