CASE NO. ___08cv 1589___

ATTACHMENT NO. ___1___

EXHIBIT _____

TAB (DESCRIPTION) _____

| DATE | JUDGE | ORDERS ENTERED |
|---|---|---|
| FEB 07 1991 | LEO E. HOLT | pp deft in custody. Plea of not guilty (HE) is entered. Opening Statements heard. State presents testimony. O/C 2/8/91 x (1:00) |
| FEB 08 1991 | LEO E. HOLT | pp deft in custody. Atty present. MD Leave to file Motion to Dismiss allowed. Defts Motion to Dismiss heard & denied. O/C 2/11/91 x |
| FEB 11 1991 | LEO E. HOLT | pp deft in custody. Atty present. State presents further testimony. O/C 2/13/91 x |
| FEB 13 1991 | LEO E. HOLT | pp deft in custody. Atty present. State presents further testimony. O/C 2/14/91 x |
| 2/14/91 | HOLT | pp deft in custody. State presents further testimony. O/C 2/19/91 x 1 p.m. |
| 2/19/91 | HOLT | pp deft in custody. State presents further testimony. O/C 2/20/91 x (1:00) |
| FEB 20 1991 | LEO E. HOLT | pp deft in custody. State presents further testimony. MD to Strike testimony denied. State rests. O/C 2/21/91 x |
| FEB 21 1991 | LEO E. HOLT | pp deft in custody. MD Leave to file Memorandum in Support of Motion for a directed finding allowed. BA 3/25/91 x |

CASE NO. 08 CR 12577

Jerome Hendricks II

| DATE | PAPERS FILED |
|------|--------------|
|      |              |

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| MAR 25 1991 | LEO E. HOLT | pp. deft in custody. Ruling on Motion for a directed finding — ✓ MD for a directed finding of not guilty denied Sustained as to Cnts 5 & 8 (Agg Crim Sex Assault) and denied as to Cts 1, 2, 3, 4 (Murder), 9, 10 (Agg Crim Sex Assault), 11 (Crim Sex Assault), 12 (Conceal Hom Death), 13 (Kidnapping), 14, 15, 16, 17 (Agg Kidnapping) and Ct. 18 (Unlawful Restraint) O/C 3/26/91 x |
| MAR 26 1991 | LEO E. HOLT | pp deft in custody. Defense presents testimony. O/C 4/16/91 x |
| APR 16 1991 | LEO E. HOLT | pp deft in custody. Defense presents testimony. O/C 5/21/91 x |
| MAY 21 1991 | LEO E. HOLT | pp deft in custody BA 5/23/91 x |
| 5/23/91 | HOLT | pp deft in custody BA ✓ 5/29/91 w/s Bench |

(OVER)

Case 2:03-cv-01589   Document 16-2   Filed 06/18/2008   Page 4 of 111

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| 5/29/91 | HOLT | pp deft in custody. Defense rests. Both sides rest. Closing arguments heard. O/C 5/30/91 x 1:00 |
| 5/30/91 | HOLT | pp deft in custody. Finding of the Court: deft guilty of Counts 1, 2 & 3 (Murder), Ct 10 (Agg Crim Sex Assault), Ct. 12 (Unc Firm [Dath]), Ct. 13 (Kidnapping), Cts. 14, 15, 16, 17 (Agg Kidnapping) and Ct 18 (Unlawful Restraint). Judgment entered on Counts 1, 10, 12, 13 and 14 only. Finding of Not Guilty on Counts 4, 6, 7, 9 and 11. Bond Revoked. PSI ordered. O/C 8/20/91 x |
| 7/18/91 | CLERK | There was filed in the Clerks office a Motion for a New Trial as to deft Jerome Hendricks. |
| 8/20/91 | HOLT | pp deft in custody. Motion for a New Trial heard & denied. O/C 8/22/91 x 9:30 |
| AUG 22 1991 | LEO E. HOLT | pp deft in custody. Ruling of the Court, deft found eligible for Imposition of the Death Penalty. Testimony heard in aggravation and mitigation. O/C 8/26/91 x 9:30 for sentencing |

THE PEOPLE OF THE STATE OF ILLINOIS VS.    CASE NO.

Jerome Hendrickson    88 CR 12517

| DATE | PAPERS FILED |
|------|--------------|
|      |              |

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| 8/26/91 | HOLT | pp deft in custody. Deft sentenced on finding and Judgment to Natural Life on the charge of Murder (Ct 1), 30 years on the charge of Aggravated Criminal Sexual Assault (Ct 10) to run consecutive to Count 1, 5 years on the charge of Concealment Homicidal Death (Ct 12) to run concurrent with Count 10 and consecutive to Count 1, and 15 years on the charge of Aggravated Kidnapping (Ct 14) concurrent with Counts 10 & 12 and consecutive to Count 1. Mittimus to Issue. |
|      |      | Deft advised of right to appeal |
| 8-28-91 | Clerk | NOTICE OF APPEAL RECEIVED AND FILED IN CLERK'S OFFICE    000024 |
| 9-5-91 | Clerk | NOTICE OF APPEAL MAILED    o/c set on Appellate Calendar 9-13-91 |

(OVER)

CCG-69 (3-81)

9-13-91 T.R. Fitzgerald  o/c P/A Apptd on appeal & cert to fee filed

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| | | O/C Free report of proceed Ordered |
| 1-1*-94 | **CLKS. OFF.** | **APPELLATE COURT MANDATE** **FILED IN CLERKS OFFICE** **TRANSFER TO PRESIDING JUDGE** FOR 1-24-94  ☐ DISMISSED ☒ AFFIRMED ☐ RECALLED  ☐ _____ |
| 1-24-94 | Fitzgerald | Aff. Cir Ct |
| 2-24-94 | clerk | RE: PETITION FOR POST CONVICTION RELIEF filed. To be heard on 3-10-94 in 101 |
| 3-10-94 | CASTONE | TRANSFER TO JUDGE HOLT FOR 3-17-94 |
| **R 17 1994** | LEO E. HOLT | pp DNP O/C 3/23/94 x |
| 3/2/94 | HOLT | pp DNP Motion to Advance Sustained. Petition for Post Conviction Relief - Dismissed Draft Order entered |
| 3/29/94 | CLERK | Certification mailed to Defendant regarding Post-Conviction Disposition |
| 1-23-97 | **CLKS. OFF.** | **APPELLATE COURT MANDATE** **FILED IN CLERKS OFFICE** **TRANSFER TO PRESIDING JUDGE** FOR 2-05-97  ☐ DISMISSED ☐ AFFIRMED ☐ RECALLED |
| **FEB 05 1997** | **THOMAS R. FITZGERALD** | ☐ Cir. Ct vac Rem further proceedings J Holt 2-19-97 |

CC.020

Jerome Hendricks

88 cx 12517

| DATE | PAPERS FILED |
|------|-------------|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
|  | CLERKS OFFICE | NOTICE OF APPEAL FILED  4-7-94 |
|  |  | NOTICE OF APPEAL MAILED  5-5-94 |
|  |  | APPELLATE HEARING DATE ASSIGNED BEFORE PRESIDING JUDGE ON  5-70-94 |
| MAY 1 0 1994 | T.R. FITZGERALD | O/C ☐ STATE APPELLATE DEFENDER |
|  |  | ☒ PUBLIC DEFENDER |
|  |  | ☐ PRIVATE ATTORNEY |
|  |  | ☐ OTHER |
|  |  | APPOINTED TO REPRESENT THE DEFENDANT ON THE APPEAL |
|  |  | ☒ FREE REPORT OF PROCEEDINGS, ALLOWED |
|  |  | ☐ FREE REPORT OF PROCEEDINGS, DENIED |
|  |  |  |

C.., (3-81)

(OVER)

CCC020

THE PEOPLE OF THE STATE OF ILLINOIS VS.

Jerome Hendricks

CASE NO. 88-12517

| DATE | PAPERS FILED |
|------|--------------|
|      | No file      |

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| 7-19-94 | Clerk | RE: PETITION FOR POST CONVICTION RELIEF FILED To be heard in 101 on 6-10-94 |
| 6/10/94 | Bastone | Trans. Judge Holt 6/17/94 |
| 6/17/94 | Holt | PP DNP O/C 6/27/94 |
| JUN 27 1994 | LEO E. HOLT | PP DNP O/C 6/30/94 |
| 6/30/94 | Holt | PP DNP O/C 7/27/94 |
| 7/27/94 | Holt | PP DNP P.D. appt. O/C 9/16/94 |
| 9/16/94 | Holt | PP DNP P.D. appt. BA 12/16/94 |
| DEC 16 1994 | LEO E. HOLT | PP DNP, MS Leave to file Amended Motion to Dismiss Allowed, MS to Dismiss — Allowed. |

CG-69 (3-81)

(OVER)

PEOPLE OF THE STATE OF ILLINOIS VS.

CASE NO. 88CR- 12517

Jerome Hendricks

| DATE | | PAPERS FILED |
|------|--|--------------|

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| 3-1-95 | Clerks Office | Defendant in Custody, Received and filed Request for Status and appealing decision (previously sent). |
| FEB 24 1995  RAY L. BROWNFIELD #1540 | | FF o/c case reassigned to Judge Holt 2/27/95 |
| 2/27/95 | HOLT | DNP o/c 3/7/95 |
| 3/7/95 | HOLT | pp DNP o/c 3/21/95 |
| MAR 21 1995  LEO E. HOLT | | pp DNP Off Call |

CG-69 (3-81)                                                                 (OVER)

THE PEOPLE OF THE STATE OF ILLINOIS VS.    CASE NO.

Jerome Hendricks    88c/2517

| DATE | PAPERS FILED |
|------|--------------|
|      |              |
|      |              |
|      |              |
|      |              |
|      |              |
|      |              |
|      |              |

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
|      | CLERKS OFFICE | NOTICE OF APPEAL FILED  1-11-95 |
|      |       | NOTICE OF APPEAL MAILED  1-31-95 |
|      |       | APPELLATE HEARING DATE ASSIGNED BEFORE |
|      |       | PRESIDING JUDGE ON  FEB 03 1995 |
| FEB 03 1995 | T.R. FITZGERALD | O/C ☐ STATE APPELLATE DEFENDER |
|      |       | ☒ PUBLIC DEFENDER |
|      |       | ☐ PRIVATE ATTORNEY |
|      |       | ☐ OTHER |
|      |       | APPOINTED TO REPRESENT THE DEFENDANT ON THE APPEAL |
|      |       | ☒ FREE REPORT OF PROCEEDINGS, ALLOWED |
|      |       | ☐ FREE REPORT OF PROCEEDINGS, DENIED |
|      |       |  |
|      |       |  |

(3-81)                                                                 (OVER)

THE PEOPLE OF THE STATE OF ILLINOIS VS.    CASE NO. 88 CR 12517

Hendricks, Jerome

| DATE | PAPERS FILED |
|------|--------------|
|      |              |

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| 2-23-95 | CLKS. OFF. | APPELLATE COURT MANDATE FILED IN CLERKS OFFICE TRANSFER TO PRESIDING JUDGE FOR 3-3-95 ☐ DISMISSED ☐ AFFIRMED ☐ RECALLED ☐ |
| 3/3/95 | Bastone | CIR CT AFF |

CG-69 (3-81)    (OVER)

000030

LE OF THE STATE OF ILLINOIS VS.

CASE NO.

Jerome Hendricks sr        88CR12517

| DATE | PAPERS FILED |
|------|--------------|
|      |              |

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| 2/19/97 | HOLT | pp deft present on Writ from IDOC — Deft remanded to IDOC — Writ Quashed — Return to IDOC O/C 3/4/97 x |
| 3/4/97 | Holt | pp DNP — in IDOC O/C 3/14/97 x |
| 3-10-97 | Clerk | rec'd and filed (1) Notice of filing — Motion for Bar Association Attorney. |
| 3/14/97 | Holt | pp DNP — in IDOC O/C 3/17/97 x |
| 5/23/97 | HOLT | pp DNP — in IDOC O/C 8/29/97 x |
| LEO E. HOLT AUG 29 1997 | | pp deft not present BW 12/5/97 x |
| 12/5/97 | Holt | pp DNP MD 1/14/98 x |

(-39 (3-84)                                                      (OVER)

CC0031

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| LEO E. HOLT   JAN 14 1998 | | RP DNP MS Leave to file Motion to Dismiss allowed MD 3/20/98 x |
| LEO E. HOLT   MAR 20 1998 | | MD 5-29-98 x |
| LEO E. HOLT   MAY 29 1998 | | RP DNP BA 8/21/98 x |
| 8/21/98 | HOLT | RP DNP Transfer to Presiding Judge for Reassignment O/C 9/8/98 x |
| 7-8-98 | Fitzgerald | J. Holt J Rm 704  9-17-98 |
| 9-17-98 | Holt | M/D 12-8-98 |
| 12/08/98 | Holt | DNP  M/D 01/20/99 – final |
| 01/20/99 | Holt | DNP  M/D 03/18/99 ^ |
| 3/18/99 | Holt | DNP  B/A 6/3/99 |
| 6-3-99 | Holt | M/D 9-1-99 final |
| 9-1-99 | Holt | O/C 11-2-99 |
| 11-2-99 | Holt | RP(k) M/D 12-1-99 |
| 12/1/99 | Holt | DNP (S) O/C 12/2/99 |
| 12-2-99 | Holt | M/D 1/11/00 |

CC 0032

THE PEOPLE OF THE STATE OF ILLINOIS  VS.

*Jerome Hendricks*

CASE NO. 98 CR - 12517

| DATE | PAPERS FILED |
|------|--------------|
|      | INDICTMENT/INFORMATION FILED IN THE CLERK'S OFFICE |
|      | PRES. JUDGE ASSIGNMENT DATE: _____ |
|      | BAIL PREVIOUSLY SET $ |
|      | |
|      | |
|      | |
|      | |

| DATE | JUDGE | ORDERS  ENTERED |
|------|-------|-----------------|
|      |       | NO ARRAIGNMENT |
|      |       | ASSIGNED TO JUDGE _____ |
|      |       | Motion - For counsel other than P.D. office. |
| 1/27/00 | Holt | O/c 3/14/2000 |
| 1/24/00 | Clerk's office | Hearing Date assigned 1/27/2000 Appt. of counsel other than P.D. |
| 1/27/00 | Holt | DNP O/c 3/14/2000 |
| 3/14/00 | Holt | DNP m/D 4/10/2000 |
|      |      | |
|      |      | |
|      |      | |
|      |      | |
|      |      | |

(Rev. 7/7/95)  CCCR  0605

(OVER)

THE PEOPLE OF THE STATE OF ILLINOIS VS.    CASE NO.

Jerome Hendricks    88 CR 12517

| DATE | PAPERS FILED |
|------|--------------|
|      |              |
|      |              |
|      |              |
|      |              |
|      |              |
|      |              |

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| 12/2/99 | Holt | m/D 1/11/2000 |
| 1/11/2000 | Holt | DNP(C) B/A m/D 3/14/2000 |
| 3/14/00 | Holt | DNP(C) m/D 4/10/00 |
| 4/10/00 | Holt | m/D 9/24/2000 |
| 9/24/2000 | Holt | m/D appt. of counsel other than P.D. - denied  o/c 7/24/2000 |
| 7/24/2000 | Holt | DNP B/A 9/13/2001 |
| 1/30/01 | Holt | DNiC (C) m/D 11-15-01 |
| 1-15-01 | Holt | DNiC m/D 2-14-02 |
|         |      |               |
|         |      |               |
|         |      |               |

2G-69 (3-81)    (OVER)

THE PEOPLE OF THE STATE OF ILLINOIS VS.

*Jerome Denricks*

CASE NO. *00 CR-12517 01*

| DATE | PAPERS FILED |
|------|--------------|
| | INDICTMENT/INFORMATION FILED IN THE CLERK'S OFFICE |
| | PRES. JUDGE ASSIGNMENT DATE: _____ |
| | BAIL PREVIOUSLY SET $ |
| | |
| | |
| | |
| | |

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| | | NO ARRAIGNMENT |
| | | ASSIGNED TO JUDGE _____ |
| 1-31-02 | Clerk off | Motion – Remove counsel – request counsel other than P.D. office Holt 2-14-02 |
| 2-14-02 | Holt | O/C 2-20-02 |
| 2/20/02 | Holt | @ M/D 5/22/02 final |
| 5/22/02 | HOLT | (c) O/C 5/24/02 |
| 5/24/02 | HOLT | M/D Bar Association - Denied O/C 8/14/02 |
| 8-14-02 | Holt | O/C 11-14-02 |
| 11-14/02 | Holt | O/C 3-13-03 |
| 3-13-03 | Holt | DNP- BFA M/D 4-10-03 |

(Rev. 4/2/01) CCCR 0605 A                    CCC635 **(OVER)**

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| 5/15/03 | Holt | DNP   B/A 5/21/03 |
| 5/21/03 | Holt | DNP   M/O 7-9-03 |
| 7/9/03 | Holt | DNP   B/A-7-30-03 |
| 7/30/03 | Holt | DNP   O/C 10-15-03 |
| 10-15-03 | Holt | |
| 2-28-05 | Crooks | DNP O/C 3-15-05 x |
| 3-15-05 | Crooks | DNP Petition Dismissed, Deppo Off Call |
| 3-22-05 | Clerk's Ofc | Sent ltr to dft in custody. |

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| 12-28-94 | CLERK | NOTICE OF POST CONVICTION DISMISSAL MAILED TO |
|  |  | JEROME HENDRICKS  N-53807 |
|  |  | P.O. BOX 99 |
|  |  | PONTIAC CORRECTIONAL CENTER |
|  |  | PONTIAC, ILLINOIS 61764 |
|  |  |  |
| 5/21/03 | Holt | DNP  M/D 7/9/03 |
| 7/9/03 | KIRBY | DNP  B/A  7/30/03 |
| 7/30/03 | Holt | DNP  O/C  10-15-03 |
| 2-23-05 | Clerks off | Motion - Adverse judgement & motion to |
|  |  | vacate adverse judgement   Holt 2-28-05 |

CCC037

THE PEOPLE OF THE STATE OF ILLINOIS VS.

Hendricks Jerome

CASE NO. 88CR 12517

| DATE | PAPERS FILED |
|------|--------------|
| | INDICTMENT/INFORMATION FILED IN THE CLERK'S OFFICE |
| | PRES. JUDGE ASSIGNMENT DATE: |
| | BAIL PREVIOUSLY SET $ |

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| | | NO ARRAIGNMENT |
| | | ASSIGNED TO JUDGE _____ |
| | CLERK'S OFFICE | NOTICE OF APPEAL FIELD 4-18-05 |
| | | NOTICE OF APPEAL MAILED 4-18-05 |
| | | APPELATE HEARING DATE ASSIGNED BEFORE |
| | | PRESIDING JUDGE 4-29-05 |
| 4-29-05 | PAUL P. BIEBEL JR | ☒ STATE APPELLATE DEFENDER |
| | | ☐ PUBLIC DEFENDER |
| | | ☐ OTHER |
| | | APPOINTED TO REPRESENT THE DEFENDANT ON THE APPEAL |
| | | FREE REPORT OF PROCEEDINGS ALLOWED |

CCC038

(Rev. 4/2/01) CCCR 0605 A                                    (OVER)

**ORIGINAL**

**FILE COPY**

**DO NOT REMOVE**

Clerk's Office
Appellate Court First District
State of Illinois
160 N. LaSalle
Suite 1400
Chicago, IL  60601

01/16/97

Honorable Aurelia Pucinski
Richard J. Daley Center
Room 1001
Chicago, IL  60602

Re: People v. Hendricks, Jerome
    Appellate Court No. 1-95-0474
    Trial Court No. 88CR12517

Dear Honorable Pucinski:

    Attached is the Mandate of the Appellate Court in the above
entitled cause.

    We are sending the attorneys of record a copy of this letter to
inform them that the mandate of the Appellate Court has been filed
with you.

                              Gilbert S. Marchman
                              Clerk of the Appellate Court
                              First District, Illinois

Attachment

cc: All attorneys of record

# IN THE APPELLATE COURT OF ILLINOIS

## FIRST DISTRICT

Calvin C. Campbell, Justice

Robert Chapman Buckley, Justice

HONORABLE EVERETTE A. BRADEN, Justice

FILED

JAN 23 12 38 PM '97

Gilbert S. Marchman                    Michael F. Sheahan, Sheriff

---

On the Eighteenth day of November, 1996, the Appellate Court, First District, issued the following judgment:

No.  1-95-0474

PEOPLE OF THE STATE OF ILLINOIS,
    Plaintiff-Appellee,
        v.
JEROME HENDRICKS,
    Defendant-Appellant.

Appeal from Cook County
Circuit Court No. 88CR12517

As Clerk of the Appellate Court, in and for the First District of the State of Illinois, and the keeper of the Records, Files and Seal thereof, I certify that the foregoing is a true copy of the final order of said Appellate Court in the above entitled cause of record in my office.



IN TESTIMONY WHEREOF, I have set my hand and affixed the seal of said Appellate Court, at this Sixteenth day of January, 1997.

Clerk of the Appellate Court
First District, Illinois

FILED

JAN 23 12 37 PM '97

CLERK
NO. 1-95-0474
AURELIA PUCINSKI

NOTICE

The text of this order may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.

## IN THE
## APPELLATE COURT OF ILLINOIS
## FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of |
| Respondent-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 88 CR 12517 |
| | ) | |
| JEROME HENDRICKS, | ) | Honorable |
| | ) | Leo E. Holt, |
| Defendant-Appellant. | ) | Judge Presiding. |

### O R D E R

Following a bench trial, defendant Jerome Hendricks was convicted of one count each of first-degree murder, aggravated criminal sexual assault, aggravated kidnapping, kidnapping, unlawful restraint and concealment of a homicidal death. He was sentenced to natural life imprisonment for first-degree murder and a consecutive 30-year term for aggravated criminal sexual assault, with concurrent sentences for the remaining convictions. Defendant's conviction and sentence for first-degree murder were affirmed on direct appeal. People v. Hendricks, 253 Ill. App. 3d 79, 90-2 (1993). Subsequently, defendant filed a pro se petition for post-conviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 et seq. (West 1994)), which the court dismissed as being frivolous, without appointing counsel and this

C00641

1-95-0474

Code of Corrections violated his rights to due process and equal protection.  Defense counsel moved the court to withdraw as counsel because defendant had alleged the same contentions in his initial post-conviction petition.    Defense  counsel  did  not  file  a certificate pursuant to Supreme Court Rule 651(c).    The State motioned to dismiss defendant's post-conviction petition, arguing that his claims were res judicata and waived, and the court granted the State's motion.

A proceeding under the Act is not a direct appeal; it serves as a collateral attack on a judgment of conviction, and it is limited to constitutional issues which have not been, and could not have been, presented on direct review.  People v. Flores, 153 Ill. 2d 264, 274 (1992).  In such a proceeding, defendant has the burden of showing a substantial denial of his constitutional rights. People v. Odle, 151 Ill. 2d 168, 172 (1992).  Furthermore, a defendant is not entitled to an evidentiary hearing unless the allegations in the post-conviction petition are supported by affidavits and the record in the case and show a substantial violation of his constitutional rights.  People v. Franklin, 167 Ill. 2d 1, 9 (1995).  A reviewing court will not disturb a circuit court's determination unless it is manifestly erroneous.  Franklin, 167 Ill. 2d at 9.

Supreme Court Rule 651(c) requires court-appointed counsel to file with the record some showing that he has consulted with the petitioner to understand his contentions, has examined the record

- 3 -

CCC042

Clerk's Office
APPELLATE COURT FIRST DISTRICT
State of Illinois
160 N. LaSalle, Suite 1400
Chicago, Illinois  60601

01/10/94

Honorable Aurelia Pucinski
Circuit Court of Cook County
Chicago, Illinois

Re: People v. Hendricks, Jerome
    Appellate Court No.: 1-91-2922
    Trial Court No. 88CR12517

Dear Ms. Pucinski:

    Attached is the Mandate of the Appellate Court in the above
entitled cause.

    We are sending the attorneys of record a copy of this letter to
inform them that the mandate of the Appellate Court has been filed
with you.

                        Gilbert S. Marchman
                        Clerk of the Appellate Court
                        First District, Illinois

Attachment

cc: All attorneys of record

# IN THE APPELLATE COURT OF ILLINOIS

## FIRST DISTRICT

Hon. Calvin C. Campbell, Justice

Hon. Blanche M. Manning, Justice

Hon. Robert Chapman Buckley, Justice

Gilbert S. Marchman, Clerk

Michael F. Sheahan, Sheriff

---

On the Seventh day of September, 1993, the Appellate Court, First District, issued the following judgment:

No. 1-91-2922

PEOPLE OF THE STATE OF ILLINOIS,
    Plaintiff-Appellee,
    v.
JEROME HENDRICKS,
    Defendant-Appellant.

APPEAL FROM COOK COUNTY
Circuit Court No. 88CR12517

**FILED**

JAN 1 2 1994

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

The judgment of the Circuit Court of Cook County is AFFIRMED.

As Clerk of the Appellate Court, in and for the First District of the State of Illinois, and the keeper of the Records, Files and Seal thereof, I certify that the foregoing is a true copy of the final order of said Appellate Court in the above entitled cause of record in my office.

IN TESTIMONY WHEREOF, I have set my hand and affixed the seal of said Appellate Court, at Chicago, this Tenth day of January, 1994.

_____
Clerk of the Appellate Court
First District, Illinois

# FILED

JAN 1 2 1994

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

NOTICE

The text of this opinion may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.

No. 1-91-2922

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | APPEAL FROM THE |
| | ) | CIRCUIT COURT |
| Plaintiff-Appellee, | ) | OF COOK COUNTY. |
| | ) | |
| v. | ) | |
| | ) | |
| JEROME HENDRICKS, | ) | HONORABLE |
| | ) | LEO HOLT, |
| Defendant-Appellant. | ) | JUDGE PRESIDING. |

JUSTICE CAMPBELL delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, defendant Jerome Hendricks was found guilty of first degree murder, aggravated criminal sexual assault, aggravated kidnapping, kidnapping, unlawful restraint and concealment of a homicidal death. Defendant was sentenced to natural life imprisonment for murder plus concurrent sentences for the remaining offenses, the longest of which was 30 years imprisonment for criminal sexual assault. These sentences run consecutively to the natural life sentence.

The record on appeal indicates the following facts. Before trial, defendant moved to quash his arrest and suppress statements he made to the authorities following that arrest. Following a hearing, the trial court denied this motion. The testimony elicited during the pretrial hearing will be discussed below as necessary.

On cross-examination, Ms. Hill denied that she had ordered Denise J. off the porch or that the two fought thereafter. She also denied that Denise J. was a runaway or that she had told the police this.

James Hill, another cousin of Denise J., testified that on the morning of August 2, 1988, he drove his mother to Ms. Hill's home. Mr. Hill testified that after arriving, he saw defendant coming down the street. Mr. Hill asked defendant whether he had seen Denise J. Defendant stated that he had not. Mr. Hill told defendant that Ms. Hill and McCoy had seen him with Denise J. and described Denise J. Defendant indicated that he had seen Denise J. on his porch at 9:30 p.m. with his nephew. According to Mr. Hill, defendant later told him that defendant had seen Denise J. on 119th Street and told her to go home.

Michael Walker testified that he was approached by defendant on August 2, 1988. According to Walker, defendant told him that the police were looking for defendant. Walker testified that defendant wanted him to say he was with defendant on the night Denise J. disappeared. Walker indicated that he had not been with defendant; rather, he had been searching for Denise J. that evening.

On cross-examination, Walker admitted that he was close to McCoy and Denise J.'s family. Walker admitted that he said nothing of his conversation with defendant to either the police or Denise J.'s family until after defendant was arrested and placed in custody. Walker further admitted that he had been convicted twice for selling cocaine and was currently in prison.

-3-

the garage where the body was discovered can be seen from the front porch of the building where Denise J. had been at the time of her disappearance.

Doctor Mary Jumbelic, a forensic pathologist, testified that she performed an autopsy on the body on August 9, 1988. Dr. Jumbelic indicated that the girl's pants were unbuttoned, unzip-ped and pulled down slightly. Dr. Jumbelic found that the shoe-lace ligature on the neck measured three inches in diameter, indicating that the shoelace had been pulled extremely tight. Grooves from the shoelaces were also found on the wrists. Dr. Jumbelic was unable to determine whether a sexual assault had taken place, due to the decomposition and tissue loss in the genitalia area. Dr. Jumbelic opined that the death was caused by strangulation.

On cross-examination, Dr. Jumbelic indicated that auto-eroticism -- the practice of tying something around one's neck to enhance a sexual experience -- is not seen often among females. Dr. Jumbelic indicated that she had never heard of a case in-volving a female.

Area Two Violent Crimes Detective Lawrence Nitsche also testified for the State. The parties also stipulated to Detec-tive Nitsche's testimony from the pretrial motion to quash and suppress, much of which is detailed here. Nitsche testified that he was assigned to investigate the Denise J. homicide the after-noon the body was discovered. Nitsche spoke to Ms. Hill and McCoy, who told him substantially those things to which Ms. Hill testified at trial. In particular, McCoy told Detective Nitsche

-5-

police officers conflicted with the testimony of defendant and his family regarding the circumstances of his arrest. It is noted at this juncture that the trial court determined that the police effected a warrantless, nonconsensual arrest in defendant's home, but that the arrest was valid because it was supported by probable cause.

At trial, Detective Nitsche testified that he conducted an initial interview with defendant at Area Two Police Headquarters on the evening of August 8, 1988. Defendant told Detective Nitsche that between 6 p.m. and 9 p.m. of the night at issue, he was at his friend Tom's home, which was across the street from his own home. After returning home for a short time, he went to Pullman Park, where he met Walker and a woman. Defendant then went to the Everett White School playground, where he drank and played basketball until 4:30 a.m. According to Detective Nitsche, defendant never indicated that he saw Denise J. on the night of her disappearance.

Detective Michael Baker testified that defendant was then taken for an interview at 11th and State and later returned to Area Two Police Headquarters for a third interview. Detective Baker testified that during the third interviewed, defendant admitted that he talked to Denise J. on the night of her disappearance. Defendant told Detective Baker that Denise J. went to get ice cream for defendant and that he later saw Denise J. in front of his house talking to his nephew. Defendant then went to play basketball at the Everett White School. Defendant indicated he played basketball with someone named "Shorty Mac" and walked

-7-

further indicated that while she appeared in court, the case was dismissed.

Stephanie Smith testified that she lived at 7416 Phillips in September 1984. On September 3, 1984, Smith saw defendant standing inside the building as she entered. Smith testified that as she walked up the stairs, defendant grabbed her from behind, dragged her into a basement apartment and put her in a closet for ten to fifteen minutes. Smith testified that defendant forcibly raped her after removing her from the closet.

Smith testified that she was fifteen years old at the time and that she told defendant this. Smith indicated that as she left the apartment, defendant grabbed her around the neck and threatened to kill her if she told anyone what had happened.

The trial court indicated that he would consider the testimony of Williams and Smith only to the extent of similarities to the case on trial.

Defendant called Chicago Police Youth Officer Steve Matkovich, who testified that on August 2, 1988, he began investigating Denise J.'s disappearance as a missing persons case. Officer Matkovich's report indicated that he had spoken with Ms. Hill as part of that investigation. The report indicated that Ms. Hill stated that she had an "altercation" with Denise J. regarding defendant before Denise J. disappeared.

Estelle Fields, Denise J.'s legal guardian, testified that she spoke with a youth officer on August 3, 1988 regarding Denise J.'s disappearance. Fields denied telling this officer that Denise J. had previously run away from home and denied that

-11-

defendant and Denise J.  The trial court further found defendant guilty of aggravated kidnapping, kidnapping, unlawful restraint and concealment of a homicidal death.  Defendant was found not guilty of criminal sexual assault based upon the use of force.

The trial court later denied defendant's post-trial motion.

Subsequently, the trial court found defendant eligible for a death sentence because defendant committed murder in the course of a criminal sexual assault and aggravated kidnapping.  At a hearing regarding aggravating and mitigating factors, the State introduced evidence that the offenses were committed while defendant was on parole.  The State also had Fields testify as to the impact of the murder upon her and her family.  Defendant presented no witnesses in mitigation.  The trial court ultimately sentenced defendant to natural life imprisonment for murder plus concurrent sentences for the remaining offenses, the longest of which was 30 years imprisonment.

Defendant timely filed a notice of appeal to this court.

I

Defendant initially contends that the trial court erred in denying his motion to quash his arrest and suppress evidence. The trial court indicated that the warrantless arrest of defendant in his home was nonconsensual, in violation of Payton v. New York (1980), 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371. The trial court nevertheless ruled that defendant's statement was admissible because the statement was not given in defendant's home and the arrest was supported by probable cause.  (See New York v. Harris (1990), 495 U.S. 14, 109 L. Ed. 2d 13, 110 S. Ct.

-13-

knowledge, even if it is not within the personal knowledge of the arresting officer. See People v. Fenner (1989), 191 Ill. App. 3d 801, 806, 548 N.E.2d 147, 151.

Defendant does not dispute that the record establishes that at least one very serious violent crime occurred in this case. The record indicates that at the time of defendant's arrest, Detective Nitsche had information from Mr. Hill that defendant had initially stated that defendant had not seen the victim, but defendant's statement was not consistent with later conversations between defendant and Mr. Hill and information Nitsche had received from Ms. Hill, McCoy and Townsend. Nitsche had information suggesting that defendant was one of the last persons to see the victim alive on the night of her disappearance. Nitsche had information from McCoy that defendant "had been arrested before for doing something with a girl."

This information prompted Nitsche to conduct a background check of defendant that revealed defendant was on parole from a conviction for criminal sexual assault. Nitsche learned that the case had elements of strangulation and sexual molestation. Other entries on defendant's "rap sheet" alerted Nitsche to another prior arrest for criminal sexual assault. The complainant in this prior instance had lived at 251 West 117th Street. In this case, the victim's body was discovered in a garage at 251 West 117th Street. The record shows this garage was next door to defendant's abode. Given these factors, the police were entitled to more than a mere suspicion that defendant committed the crimes with which he was charged.

-15-

circumstantial evidence must be based on proof of a conclusive nature that tends to lead to a satisfactory conclusion and produces a reasonable and moral certainty that defendant and no one else committed the crime. (People v. Williams (1977), 66 Ill. 2d 478, 484-85, 363 N.E.2d 801, 804.)  This court will not disturb a guilty verdict unless the evidence is so improbable or unsatisfactory that it raises a reasonable doubt as to defendant's guilt.  People v. Brandon (1990), 197 Ill. App. 3d 866, 874, 557 N.E.2d 1264, 1269.

In this case, Assistant State's Attorney Democopolous read the written statement she took from defendant on August 9, 1988. In the statement, defendant admitted having sex with the victim in the garage next door to his home.  Defendant stated that the victim's shirt was pulled over her head during the intercourse. Defendant stated that the victim pulled the shirt over her head and further encouraged him to pull on something around her face, which may have been a shoelace.  Defendant stated that the victim did not accompany him when he left the garage.  Defendant indicated that after hearing complaints from his family about an odor coming from the garage he returned to the garage and found the victim with her shirt "still in the same position over her head."

The record in this case also indicates that defendant gave Hill and the police varying accounts of the events of the evening at issue; each of these tended to be more inculpatory than the last.  The record indicates that the day after the victim disappeared, defendant asked Walker to fabricate an alibi for defendant.  The record further contains the testimony of two women

-17-

and subnormal tendencies; and (4) natural inclination or aversion
to commit crime.  People v. Henderson (1988), 175 Ill. App. 3d
483, 490, 529 N.E.2d 1051, 1055.

In this case, the trial court was aware that defendant was
on parole for a criminal sexual assault where defendant had
grabbed the then-fifteen year old victim by the neck and threat-
ened her with death if she told anyone of the assault.  The trial
court heard evidence that defendant sexually assaulted yet
another woman while pulling on the rope he had wrapped around her
neck and threatening to kill her.  Given the record on appeal,
such evidence is relevant to an assessment of whether defendant
showed abnormal tendencies or a natural inclination to commit
crime.  We also note that defendant presented no witnesses in
mitigation in this case.

This court has previously stated in a case involving the
rape and murder by strangulation of a 75 year old woman that the
trial court was "incontestably justified" in imposing a natural
life sentence.  (People v. Cole (1988), 168 Ill. App. 3d 172,
185, 522 N.E.2d 635, 643.)  Defendant has offered no compelling
reason why a similar conclusion is not warranted in this case.
Defendant states in his brief that "[t]he court's own findings
were that no forcible rape occurred."  The pages of the record
cited by defendant in support of this assertion indicate only
that the trial judge stated that he could not find that a forci-
ble rape occurred beyond a reasonable doubt due to the decompo-
sition of the body before it was discovered.  The trial judge
indicated that it was just as likely that defendant murdered the

-19-

Defendant's contention that this reasoning, taken to its extreme, would allow trial judges to select a determinate year sentence in contravention of other sections of the Unified Code of Corrections is unpersuasive. The statutory scheme contains standards that determine whether a defendant receives less than an extended term sentence. Where a murder is accompanied by brutal and heinous behavior indicative of wanton cruelty, an extended term or natural life sentence is appropriate, depending on the aggravating and mitigating factors presented in a given case. Defendant's contention that these factors should only be used in determining whether to sentence a defendant to between 60 and 100 years is made without citation to authority and is not supported by case law. Thus, defendant has failed to show that section 5-8-1(a)(1) is unconstitutional.

For all of the aforementioned reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

MANNING, P.J., and BUCKLEY, J., concur.

**OFFICE OF THE CIRCUIT COURT - CLERK OF COOK COUNTY**



**DOROTHY BROWN**
CLERK OF THE COURT

**CRIMINAL BUREAU**
CRIMINAL DIVISION
Room 526
2650 S. California Ave
Chicago, Illinois 60608
(773) 869-3141
FAX (773) 869-4444

Date: _March 22, 2005_

_Jerome Hendricks_ #N-53807

_Menard C.C._

_P.O. Box 711_

_Menard, IL 62259_

Case Number: _88CR12517-01_

Dear _Jerome Hendricks,_

Please be advised that on _3/15/05_

The Honorable Judge _Wilber L. Crooks_ denied

your motion ~~for~~ _to Vacate Plea, Finding,_

_Verdict - Previous Order to Stand._

If you have any further questions or requests, please

feel free to notify our office.



Sincerely,

**CRIMINAL DIVISION
MOTION DEPARTMENT**

COMMENTS: _8/26/91. Off Call._

MISSION STATEMENT

The mission of the office of the Clerk of the Circuit Court of Cook County is to serve the citizens of Cook County and the participants in the system in a timely, efficient and ethical manner. All services, information and court records will be provided with courtesy and cost eff

# NOTIFICATION OF MOTION

Date Received __2-15-05__          Date to be heard __2-28-05__

Defendant's Name __Jerome Hendricks__

Case No. __88- 12517 01__

Before Judge __Holt__                    Room __306__

☐ Motion for Corrected Mitt - Credit          __1716__

☐ Motion for Trial Transcript and Common Law Record

☐ Petition to Withdraw Guilty Plea and Vacate Sentence

☐ Motion for Leave to Proceed in Forma Pauperis

☐ Motion to Correct Mitt                      __9999__

☐ Motion to Reconsider/Reduce Sentence        __388__

☐ Motion for Appointment of Counsel

☐ Motion for Habeas Corpus Writ

☐ Petition for Relief of Judgement

☐ Other __Adverse judgement & motion to vacate adverse judgement__

__2-23-05__
X. Date Entered in Computer

Date file was received from warehouse          File was not located in Office

Where was file forwarded                        File in Courtroom

☐ __2-18-05__
Check mark if the file was ordered from          Date file was forwarded
the warehouse and enter the date ordered

PRD SC ✓

Attorney's Name _____

Attorney's Code _____

IN THE
Circuit Court
Cook County

Jerome Hendricks                    )
_____             )
Plaintiff,                          )
                                    )   Case No. 88-CR-12517
        v.                          )
                                    )
People of the State Ill.            )
_____             )
Defendant

## PROOF/CERTIFICATE OF SERVICE

TO: Dorthy Brown            TO: Dick Devine
    Circuit Clerk               States Attorney
    office,                     office,
    2650 So. California         2650 So. California

TO: _____         TO: _____
    _____             _____
    _____             _____
    _____             _____

PLEASE TAKE NOTICE that on **Feb 6th**, 20**05**, I have placed the
documents listed below in the institutional mail at **Menard** Correctional Center,
properly addressed to the parties listed above for mailing through the United States Postal
Service: Dorthy Brown Circuit Clerk office,
Dick Devine States Attorney office,
_____

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of
perjury, that I am a named party in the above action, that I have read the above
documents, and that the information contained therein is true and correct to the best of my
knowledge.

DATE: Feb - 6th 2005            /s/ Jerome Hendricks
                                NAME: Jerome Hendricks
                                IDOC#: N-53807
                                Menard Correctional Center
                                P.O. BOX 711
                                Menard, IL 62259

RECEIVED
FEB ... 
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

IN THE

CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS )
      Respondant, )
)
)
vs. )      No. 88 CR 12517
)
)
JEROME HENDRICKS, )
      Petitioner. )

**MOTION FOR ADVERSE JUDGMENT, AND
MOTION TO VACATE ADVERSE JUDGMENT**

NOW COMES, Jerome Hendricks, Petitioner Pro se, and moves this Honorable Court to give petitioner notice of any adverse judgments, and vacate judgment pursuant to 735 ILCS 5/2-1401 & Supreme Court Rule 651(b).

In support of this motion petitioner states the following:

1. On January 3, 2005, I received a letter from APD Lindsey Huge stating that my petition was dismissed on October 15, 2003. Upon this time this counselor nor clerk had contacted me upon the courts opinion of the dismissal of my petition. After several calls to counselor, counselor still didn't send me a letter of the petition being dismissed for over a year passed 2005.

This is in violation of Supreme Court Rule 651(b):

Upon the entry of a judgment adverse to a petition in a post-conviction proceeding, the clerk of the court shall at once mail or deliver to petitioner a notice in substantially.

The courts decision should be void. See, People v. Robinson, 278 Ill. Dec. 629, 799 N.E.2d 345. If a defendant does not receive a notice of the circuit courts dismissal of a petition

within ten (10) days the courts order (is) would be void.

The petition should be reinstated and returned to the circuit court for further proceedings.

/s/ *Jerome Hendricks*

Jerome Hendricks, pro se
IDOC No. N-53807
Menard Correctional Center
P.O. Box 711
Menard, IL 62259-0711

RECEIVED
FEB 2005
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION



Law Office of the
## COOK COUNTY PUBLIC DEFENDER
POST CONVICTION UNIT • 69 WEST WASHINGTON • 15TH FLOOR • CHICAGO, IL 60602 • (312) 603-0600
**Edwin A. Burnette • Public Defender**

January 3, 2005

Jerome Hendricks
No. N--53807
PO Box 711
Menard, IL  62259



Jerome:

You have called and written concerning your post-conviction petition.

I presented and argued your petition--which was a successive, duplicate petition--before Judge Holt in October of 2003.  He dismissed the petition.  I believe the date of the dismissal was October 15, 2003.

You should have been notified by me and/or the Clerk of the Court as to the disposition of your case.  I usually send a letter, but it must have not gotten to you.

If you wish to appeal the court's dismissal of your petition, the time to file your notice of appeal has passed--it was 30 days from the date of dismissal.  I do not believe there are valid issues for appeal, but if you wish to try, you might argue for a late notice of appeal based on the fact that you never received notice of the dismissal of your petition.

I wish the outcome of your petition could have differed and I wish you the best,

Sincerely,

Lindsay Hugé
Assistant Public Defender

C0 0066

PRO"SE APPEAL.

   NO#88 CR12517

   MOTION OF ADVERSE JUDGEMENT,

   and MOTION to VACATE

   ADVERSE JUDGEMENT.

ON'10-15-03, MY POST CONVICTION PETTIONwas dismissed, BYthe HON,LEO

HOLT. UPON this dismissal a.p.d. lindsay huge never contacted me upon

this dis missal, nor did I receive anything from the clerks office.

WHICH IS THE DUTY OF THIER OFFICE.

AFTERWARDS, counselor never putforth a appeal on the dismissal of the

pettion, WHEN COUNSELOR WAS ASKED WHY HE DID NOT APPEAL THE DISMISSAL.

COUNSELOR STATED'HE JUST FOR GOT.

THIS COUNSELOR HAS TAKEN AWAY MY FAIR FIGHT IN THIS COURT. AND ANY

FURTHER FIGHT UPON APPEAL. supreme court rule,651 b. also',

people v.robinson, 278 ill. dec. 629, 799, n.e. 2d.345.THAT I ASTHE

DEFENDANT. should not be held for the incompetentence. and shold be

given a chance, A FAIR CHANCE, with this court.

ON, 3-15-05. MY MOTION FOR ADVERSE JUDGEMENT and MOTION TO VACATE

ADVERSE JUDGEMENT, was denied. by this court without a full view of the

motion put before this court, nor was I given a fair chance.

THAT THIS COURT SHOULD LOOK AT THE FACT THAT THIS PETTION WAS DENIED,

post conviction pettion.

THAT COUNSEL DID NOT NOTIFY ME UPON THE DISMISSAL OF THE PETTION.

WITHIN THE TIME FRAME THE HE SHOULD HAVE. THAT THIS COUNSELOR, DID NOT

APPEAL THE DISMISSAL OF THE PETTION EITHER.

FOR THESES REASONS THIS MOTION FOR ADVERSE JUDGEMENT andMOTION TO VACATE

PRO"SE, APPEAL

NO#88-CR-12517

ADVERSE JUDGEMENT

and MOTION TO VACATE

ADVERSE JUDGEMENT.


ADVERSE JUDGEMENT SHOULD BE ALLOWED IN THIS COURT AND THAT I SHOULD

BE GIVEN A RE HEARING UPON THIS MATTER.


SO I PRAY THIS HONORABLE COURT  HONOR THIS APPEAL.

000662

In the Circuit Court of the _____ Judicial Court, _____
_____ COOK _____ County, Illinois.
(Or in the Circuit Court of Cook County).

THE PEOPLE OF THE     )
    STATE             )
    OF ILLINOIS       )
                      )     No. 88CR 12517 _____
        v.            )
                      )
HENDRICKS _____    )
                      )

*FILED*
*APR 18 2005*
*DOROTHY BROWN*
*CLERK OF CIRCUIT COURT*

### Notice of Appeal

An appeal is taken from the order or judgment described below:

(1)  Court to which appeal is taken: Motion for ADVERSE- Vacate Judgement.

(2)  Name of appellant and address to which notices shall be sent. Name: PRO SE Defendant Jerome Hendricks
Address: Menard CrC. P.O. Box 711

(3)  Name and address of appellant's attorney on appeal.
Name: _____
Address: _____
If appellant is indigent and has no attorney, does he want one appointed? Yes.

(4)  Date of judgment or order: 3-15-05

(5)  Offense of which convicted: Post Conviction - Dismissed

(6)  Sentence: Natural Life

(7)  If appeal is not from a conviction, nature of order appealed from: _____

(Signed) Pro Se Jerome Hendricks

(May be signed by appellant, attorney for appellant, or clerk of circuit court)

## NOTICE OF NOTICE OF APPEAL

To: Honorable Lisa Madigan
Attorney General of Illinois
Springfield, Illinois 62706

Honorable Richard A. Devine
State's Attorney of Cook County
Daley Center – Room 573
Chicago, Illinois 60602

Steve Ravid
Clerk of the Appellate Court
160 N. LaSalle 14th Floor
Chicago, Illinois 60601

In re:

**People of the State of Illinois**
**Vs.**

Case Number:        Hendricks, Jerome

88 CR 12517

You are herewith notified pursuant to Rule 606E of the Illinois Supreme Court, effective
January 1, 1967, a Notice of Appeal was filed with the clerk of the Circuit Court of Cook
County, Criminal Division, on   4-18-05  .

Submitted by:  Dorothy B
        **Clerk of the Circuit Court of Cook County**

State of Illinois    )
            )   ss
Cook County    )

**I, Dorothy Brown, Clerk of the Circuit Court of Cook County, County Department,
Criminal Division, certify that the foregoing Notice and Copy of the Notice of
Appeal attached thereto was served upon each of the above named persons by
personal service and/or by depositing same in the United States Mail Depository in a
sealed envelope, first class postage pre-paid, addressed to the named persons on**
_4-18-05_  .

Dorothy B

_____
**CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

CC0064

In the Circuit Court of the _____ Judicial Court, _____
**Cook** _____ County, Illinois.
(Or in the Circuit Court of Cook County).

THE PEOPLE OF THE    )
    STATE    )
    OF ILLINOIS    )
                )    No. **88CR 12517** _____
     v.    )
                )
**Hendricks** _____    )

*FILED*
*APR 18 2005*
*DOROTHY BROWN*
*CLERK OF CIRCUIT COURT*

### Notice of Appeal

An appeal is taken from the order or judgment described below:

(1) Court to which appeal is taken: **Motion for Adverse - Vacate Judgement.**

(2) Name of appellant and address to which notices shall be sent.
Name: **Pro Se Defendant Jerome Hendricks**
Address: **Menard C.C., P.O. Box 711** _____

(3) Name and address of appellant's attorney on appeal.
Name: _____
Address: _____
If appellant is indigent and has no attorney, does he want one appointed? **Yes.**

(4) Date of judgment or order: **3-15-05**
(5) Offense of which convicted: **Post Conviction - Dismissed**

(6) Sentence: **Natural Life**
(7) If appeal is not from a conviction, nature of order appealed from: _____

(Signed) **Pro Se Jerome Hendricks.**

(May be signed by appellant, attorney for appellant, or clerk of circuit court)

IN THE
OF CLARK COUNTY.

Jo se
Jerome Hendricks
                                        )
ai-tiff,                                )
                                        )    Case No. 88-CR-12517
        v.                              )
                                        )
People of State of Ill.                 )
efendant                                )

## PROOF/CERTIFICATE OF SERVICE

): Dorthy Brown                 TO: Dick Devine
Circuit Clerk Office            States Attorney Office
2650 So. California             2650 So. California Ave

): Hon. Leo Holt                TO: _____
Honorable B Crooks              _____
                                _____
                                _____

P SE TAKE NOTICE that on APRIL 11TH____, 20 05, I have placed the
cuments listed below in the institutional mail at MENARD, Correctional Center,
perly addressed to the parties listed above for mailing through the United States Postal
vice: _____

_____

rsuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of
jury, that I am a named party in the above action, that I have read the above
cuments, and that the information contained therein is true and correct to the best of my
owledge.

ATE: 4-11-05

                            /s/ Jerome B. Hendricks
                            NAME: Jerome B. Hendricks
                            IDOC#: N-53807
                            Menard Correctional Center
                            P.O. BOX 711,
                            Menard____, IL 62259

(Rev. 12/6/00)  CCCR 0056

STATE OF ILLINOIS 〉 ss:
COUNTY OF COOK 〉

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, in said County and State, and Keeper of the Records and Seal thereof, do hereby certify the above and foregoing to be a true, perfect and complete copy of  A ONE VOLUME RECORD CONSISTING OF THE

COMMON LAW RECORD;ONLY. NO PRAECIPE HAVING BEEN FILED PURSUANT TO THE NOTICE OF APPEAL

FILED IN THE APPELLATE COURT UNDER APPELLATE COURT NO.     05-1223

_____

_____

in a certain cause _____ LATELY _____ pending in said Court, between

The People of the State of Illinois _____ WERE _____ , Plaintiffs and

_____ JEROME HENDRICKS _____ WAS _____ , Defendant.

Witness:  DOROTHY BROWN,
Clerk of the court, and the Seal thereof, at Chicago
in said County, _____ JULY 14, 2005 _____

Clerk

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

# Transcript of Record
## Appeal
## to

_____ APPELLATE _____ **Court of Illinois**

_____ FIRST _____ **District**

**Circuit Court No.** _____ 88CR 12517-01 _____

**Trial Judge** _____ WILBUR E. CROOKS _____

**Reviewing Court No.** _____ ~~xxxxx~~ 06-2093 _____

_____ THE PEOPLE OF THE STATE OF ILLINOIS _____

**vs.**

# FILED
APPELLATE COURT 1st DIST.

JAN 08 2007

JEROME    HENDRICKS

~~STEVEN M. RAVID~~
CLERK

## from
# CIRCUIT COURT
## of
# COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CRIMINAL DIVISION

(C) ONE VOLUME
**S.C.I**
SUPP: (CERTAIN DOCUMENTS)
CL

**DOROTHY BROWN,**
**Clerk of the Circuit Court**

Per _DB/MG_ _____
**Deputy**

**(Rev. 1/17/01) CCCR 0310**

# UNITED STATES OF AMERICA

State of Illinois )
Cook County ) ss.

Pleas, before a branch of the Circuit Court of Cook County, in said County and

State, begun and held at the Circuit Court, in said County,    COOK

TWO—THOUSAND

~~xxxxhxxxxxhxxxxxhxxxxx~~ and            SIX                 . AND OF THE INDEPENDENCE

OF THE UNITED STATES OF AMERICA, THE TWO HUNDRED AND    TWENTY NINTH            YEAR.

Present: Honorable        PAUL P. BIEBEL, JR.

Judge of the Circuit Court of Cook County

RICHARD A. DEVINE..........State's Attorney

MICHAEL F. SHEAHAN....Sheriff of Cook County

DOROTHY BROWN.....................Clerk

Attest:

And afterwards, to-wit: on

MAY 5, 2006    ,    there was RECEIVED and FILED

in the Office of the Clerk of the Clerk of the Circuit Court of Cook County, Illinois.    COUNTY DEPARTMENT –
CRIMINAL DIVISION.    A (ONE) VOLUME SUPPLEMENTAL RECORD CONSISTING OF SUPP: CERTAIN DOCUMENTS
AN INFORMATION GENERAL NUMBER  88CR 12517-01   FOLLOWING TO WIT:

/.

FIRST DIVISION
SEPTEMBER 7, 1993

NOTICE

The text of this opinion may be
changed or corrected prior to the
time for filing of a Petition for
Rehearing or the disposition of
the same.

No. 1-91-2922

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | APPEAL FROM THE CIRCUIT COURT |
| Plaintiff-Appellee, | ) | OF COOK COUNTY. |
| v. | ) | |
| JEROME HENDRICKS, | ) | HONORABLE LEO HOLT, |
| Defendant-Appellant. | ) | JUDGE PRESIDING. |

JUSTICE CAMPBELL delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County,
defendant Jerome Hendricks was found guilty of first degree
murder, aggravated criminal sexual assault, aggravated kidnap-
ping, kidnapping, unlawful restraint and concealment of a homi-
cidal death.  Defendant was sentenced to natural life imprison-
ment for murder plus concurrent sentences for the remaining
offenses, the longest of which was 30 years imprisonment for
criminal sexual assault.  These sentences run consecutively to
the natural life sentence.

The record on appeal indicates the following facts.  Before
trial, defendant moved to quash his arrest and suppress state-
ments he made to the authorities following that arrest.  Follow-
ing a hearing, the trial court denied this motion.  The testimony
elicited during the pretrial hearing will be discussed below as
necessary.

2.

1-91-2922

At trial, Yolanda Hill testified that she was the 23 year old cousin of Denise J. On August 1, 1988, Ms. Hill lived at 11720 South Princeton in Chicago. Denise J. was 12 years old at that time and lived with Ms. Hill's mother, Estelle Fields.

Ms. Hill testified that Denise J. came over to her house on August 1, 1988, to baby-sit Ms. Hill's children. Denise J. was approximately five feet tall and weighed approximately 100 pounds. According to Ms. Hill, Denise J. arrived wearing a black tank top, white knee pants, white socks and white gym shoes. The shoes were "Princess" brand; the name "Denise" was written in red ink on the outside of the instep of the left shoe.

At 5:15 p.m. on the evening at issue, Ms. Hill, her two children, her housemate Karlena McCoy and Denise J. were all at Ms. Hill's home. Ms. Hill and McCoy went out onto the porch to discover Denise J., who had Ms. Hill's children with her, speaking with defendant. Ms. Hill told defendant he was not welcome on her porch, took her baby from defendant and gave the child to Denise J. Ms. Hill bent over and told Denise J. that defendant had just been released from jail for rape. Denise J. took the baby indoors and went upstairs. Ms. Hill told defendant that Denise J. was 12 years old and was not allowed to speak to any men. McCoy told defendant to leave, which defendant did after arguing with Ms. Hill and McCoy for five to ten minutes.

Later that evening, after Denise J. spoke to Ms. Hill, Denise J. was allowed to go out onto the porch for five minutes. Ms. Hill checked on Denise J. five minutes later; Denise J. had disappeared. Ms. Hill never saw Denise J. alive again.

*3.*

On cross-examination, Ms. Hill denied that she had ordered Denise J. off the porch or that the two fought thereafter. She also denied that Denise J. was a runaway or that she had told the police this.

James Hill, another cousin of Denise J., testified that on the morning of August 2, 1988, he drove his mother to Ms. Hill's home. Mr. Hill testified that after arriving, he saw defendant coming down the street. Mr. Hill asked defendant whether he had seen Denise J. Defendant stated that he had not. Mr. Hill told defendant that Ms. Hill and McCoy had seen him with Denise J. and described Denise J. Defendant indicated that he had seen Denise J. on his porch at 9:30 p.m. with his nephew. According to Mr. Hill, defendant later told him that defendant had seen Denise J. on 119th Street and told her to go home.

Michael Walker testified that he was approached by defendant on August 2, 1988. According to Walker, defendant told him that the police were looking for defendant. Walker testified that defendant wanted him to say he was with defendant on the night Denise J. disappeared. Walker indicated that he had not been with defendant; rather, he had been searching for Denise J. that evening.

On cross-examination, Walker admitted that he was close to McCoy and Denise J.'s family. Walker admitted that he said nothing of his conversation with defendant to either the police or Denise J.'s family until after defendant was arrested and placed in custody. Walker further admitted that he had been convicted twice for selling cocaine and was currently in prison.

Walker testified that the State had promised only to write a letter to the warden indicating that Walker had testified truthfully in court. Walker indicated that he might receive one month of relocation costs from the state upon his release from prison.

Chicago Police Officer John Fassl testified that on August 8, 1988, he and his partner received a call regarding a suspicious odor coming from a garage at 251 W. 117th Street. Fassl indicated that the garage was located behind an abandoned house at that address. Upon entering the garage, Officer Fassl discovered the body of a young girl in the southeast corner of the garage. The girl was lying on her stomach and her hands were bound behind her back with what appeared to be a set of shoelaces. The girl's pants were unfastened, her bra straps were pulled down and her top was tied around her neck. The girl was wearing her right shoe; the left shoe, found near the girl's head, had the name "Denise" written upon it with a red marker. The shoes were Princess brand.

According to Officer Fassl, the girl's top was tied around her neck at chin level and a shoe lace was tied around her neck near the shoulders. When the body was discovered, there were garbage bags thrown on top of it. Officer Fassl testified that the body was in a high state of decomposition; fluid seeped from the body when it was turned over, there was skin slippage from the face and a large maggot infestation in and around the body and the garbage area.

Officer Fassl also identified a photograph taken from the front porch of 11720 S. Princeton. The photograph indicates that

-4-5.

the garage where the body was discovered can be seen from the front porch of the building where Denise J. had been at the time of her disappearance.

Doctor Mary Jumbelic, a forensic pathologist, testified that she performed an autopsy on the body on August 9, 1988. Dr. Jumbelic indicated that the girl's pants were unbuttoned, unzipped and pulled down slightly. Dr. Jumbelic found that the shoelace ligature on the neck measured three inches in diameter, indicating that the shoelace had been pulled extremely tight. Grooves from the shoelaces were also found on the wrists. Dr. Jumbelic was unable to determine whether a sexual assault had taken place, due to the decomposition and tissue loss in the genitalia area. Dr. Jumbelic opined that the death was caused by strangulation.

On cross-examination, Dr. Jumbelic indicated that auto-eroticism -- the practice of tying something around one's neck to enhance a sexual experience -- is not seen often among females. Dr. Jumbelic indicated that she had never heard of a case involving a female.

Area Two Violent Crimes Detective Lawrence Nitsche also testified for the State. The parties also stipulated to Detective Nitsche's testimony from the pretrial motion to quash and suppress, much of which is detailed here. Nitsche testified that he was assigned to investigate the Denise J. homicide the afternoon the body was discovered. Nitsche spoke to Ms. Hill and McCoy, who told him substantially those things to which Ms. Hill testified at trial. In particular, McCoy told Detective Nitsche

that defendant had been arrested before regarding a sexual matter with a young girl. Detective Nitsche testified that he spoke to a woman named Paula Townsend, who told him that she saw Denise J. speaking with defendant on the night Denise J. disappeared. Townsend heard defendant ask Denise J. "Would that be okay," to which Denise J. responded that it would. Townsend then saw Denise J. walk toward 119th Street and defendant walk toward his home. Detective Nitsche also interviewed Mr. Hill, who told Detective Nitsche about conversations he had with defendant after Denise J's disappearance. According to Detective Nitsche, defendant initially told Mr. Hill that he had not seen Denise J. on the night of her disappearance, but later told Mr. Hill that he had seen her on 119th Street and still later told Mr. Hill that he saw her on 117th Street.

As a result of these interviews, Detective Nitsche conducted a background check of defendant. Detective Nitsche learned that defendant was then on parole from a conviction for criminal sexual assault. Detective Nitsche indicated that the victim in that case had been strangled, though apparently not to the point of death. Detective Nitsche also learned that defendant had been arrested for another criminal sexual assault that occurred at 251 W. 117th Street.

Based on this information, Detective Nitsche and other police officers began looking for defendant. The police were unable to find him at home and left a message that they wanted to speak with him. Defendant contacted the police later that evening, which led to defendant's arrest. The testimony of the

7.

police officers conflicted with the testimony of defendant and
his family regarding the circumstances of his arrest.  It is
noted at this juncture that the trial court determined that the
police effected a warrantless, nonconsensual arrest in defen-
dant's home, but that the arrest was valid because it was sup-
ported by probable cause.

At trial, Detective Nitsche testified that he conducted an
initial interview with defendant at Area Two Police Headquarters
on the evening of August 8, 1988.  Defendant told Detective
Nitsche that between 6 p.m. and 9 p.m. of the night at issue, he
was at his friend Tom's home, which was across the street from
his own home.  After returning home for a short time, he went to
Pullman Park, where he met Walker and a woman.  Defendant then
went to the Everett White School playground, where he drank and
played basketball until 4:30 a.m.  According to Detective
Nitsche, defendant never indicated that he saw Denise J. on the
night of her disappearance.

Detective Michael Baker testified that defendant was then
taken for an interview at 11th and State and later returned to
Area Two Police Headquarters for a third interview.  Detective
Baker testified that during the third interviewed, defendant
admitted that he talked to Denise J. on the night of her disap-
pearance.  Defendant told Detective Baker that Denise J. went to
get ice cream for defendant and that he later saw Denise J. in
front of his house talking to his nephew.  Defendant then went to
play basketball at the Everett White School.  Defendant indicated
he played basketball with someone named "Shorty Mac" and walked

-7-

8.

out with Michael Walker.  Defendant then went to meet his girl friend at 119th Street and Michigan.  When defendant returned home early the next morning, family members informed him that the police were looking for him.

After defendant made this statement, Detective Baker went to Pullman Park and the Everett White School, but was unable to find "Shorty Mac," Walker, or anyone who saw defendant at these locations on the night in question.

Detective John Yucaitis testified that on August 9, 1988, he and his partner spoke with the detectives investigating this homicide.  Thereafter, Detective Yucaitis and his partner canvassed the area where the body was found.  Later that afternoon, Detective Yucaitis and his partner spoke with defendant.  Detective Yucaitis told defendant that he did not believe defendant's account of his whereabouts on the night at issue.

According to Detective Yucaitis, defendant stated that he had not told the whole truth because he was on parole for rape and feared that he would not be believed.  Defendant then told Yucaitis that on August 3 or 4, 1988, he noticed the odor coming from the garage at 251 W. 117th Street.  Defendant entered the garage and noticed the body on the floor.  Defendant stated that he did not report his discovery to anyone due to his background.

Detective Yucaitis told defendant that he thought defendant was withholding information and asked whether defendant had sex with the girl.  Detective Yucaitis told defendant that tests could be done to determine whether defendant had sex with the girl.  Defendant indicated that he wanted to think for awhile, at

9.

which time Detective Yucaitis and his partner left the interview room.

According to Detective Yucaitis, defendant asked to see him later that evening. Defendant asked whether he could get in trouble if he admitted having sex with the girl; Detective Yucaitis responded in the affirmative. Defendant then admitted having sex with the girl, but insisted that it was consensual. Defendant denied ejaculating into the girl. The conversation was then terminated.

Later that evening, Detective Yucaitis returned with Detective Joann Ryan. Detective Yucaitis left the room after defendant indicated that he wanted to speak with Detective Ryan alone.

Detective Ryan testified that defendant told her that the girl had "hit" on him all day on the date at issue. According to defendant, he and the girl had sex near a car parked behind 11720 S. Princeton and that he left afterwards. Defendant told Detective Ryan that the girl then chased him and led him to the garage at 251 W. 117th Street. Defendant stated that the girl hugged him, kissed him and asked that he not tell anyone she had been with him. According to defendant, the girl then took her pants down and pulled her top over her head. Defendant then had vaginal intercourse with the girl from the rear. Defendant told Detective Ryan that the girl had something like a gag that she stuck in her mouth and asked defendant to hold it, pull on it and "ride her like a horse."

According to Detective Ryan, defendant admitted ejaculating in the girl. Defendant stated that the girl again asked him not

to tell anyone what had happened.  Defendant stated that he then left for Pullman Park.

Assistant State's Attorney Anna Democopolous testified that she took a handwritten statement from defendant after 10 p.m. on August 9, 1988.  This statement was substantially similar to the oral statement defendant gave to Detective Ryan, adding that he did not look back at the girl as he left the garage and knew that she did not leave with him.  Defendant also related his discovery of the body several days later.  Defendant indicated that the girl and the girl's top were in the same position as when he initially left the garage.  Defendant denied killing, raping or secretly confining the girl.

Phyllis Williams testified that on June 30, 1984, she was living at 7416 Phillips.  As she left her apartment that day, she saw defendant sitting in the hallway.  Williams testified that as she passed the defendant, he grabbed her from behind and put a knife to her neck.  Williams testified that defendant then dragged her into his apartment and threw her on a couch.

Williams indicated that defendant then pulled a rope from the side of the couch and wrapped it twice around her neck. Defendant then told her to take a leg out of her pants, after which he twice had forcible intercourse with Williams.  Williams testified that during these episodes, defendant pulled on the rope around her neck, threatening to kill her.

On cross-examination, Williams admitted that she went to a game room with defendant after these episodes.  Williams indi- cated that she wanted to get out into the public.  Williams

further indicated that while she appeared in court, the case was dismissed.

Stephanie Smith testified that she lived at 7416 Phillips in September 1984. On September 3, 1984, Smith saw defendant standing inside the building as she entered. Smith testified that as she walked up the stairs, defendant grabbed her from behind, dragged her into a basement apartment and put her in a closet for ten to fifteen minutes. Smith testified that defendant forcibly raped her after removing her from the closet.

Smith testified that she was fifteen years old at the time and that she told defendant this. Smith indicated that as she left the apartment, defendant grabbed her around the neck and threatened to kill her if she told anyone what had happened.

The trial court indicated that he would consider the testimony of Williams and Smith only to the extent of similarities to the case on trial.

Defendant called Chicago Police Youth Officer Steve Matkovich, who testified that on August 2, 1988, he began investigating Denise J.'s disappearance as a missing persons case. Officer Matkovich's report indicated that he had spoken with Ms. Hill as part of that investigation. The report indicated that Ms. Hill stated that she had an "altercation" with Denise J. regarding defendant before Denise J. disappeared.

Estelle Fields, Denise J.'s legal guardian, testified that she spoke with a youth officer on August 3, 1988 regarding Denise J.'s disappearance. Fields denied telling this officer that Denise J. had previously run away from home and denied that

Denise J. had ever run away from home.  Fields also denied tell-
ing the officer that the only interest Denise J. had was boys and
that Denise J. was a problem child.

Officer David Kaddigan, testified that on August 7, 1988, he
canvassed the area of 105th and State.  Officer Kaddigan showed a
photograph of Denise J. to two women who told him that they lived
at 10537 S. State.  According to Officer Kaddigan, these women
stated that they saw Denise J. on August 2, 1988.  The trial
judge ultimately struck this testimony as hearsay.

Youth Officer Daniel Gryzb testified that he was conducting
a follow-up investigation on a missing twelve year old.  Officer
Gryzb testified that he spoke with Estelle Fields, who told him
that Denise J. was a problem child.  Officer Gryzb denied that
Fields also indicated that Denise J. was interested in boys or
men.

Another Youth Officer assigned to the missing persons case,
Donna Padgurskis, testified that Fields told her that Denise J.
had occasionally socialized with older men or boys.  However,
Fields also told Officer Padgurskis that Denise J. socialized
with girls and was not sexually active.  According to Officer
Padgurskis, Fields stated that Denise J. had previously gone to
her grandfather's home without Fields' permission.  However,
Fields did not tell Officer Padgurskis that Denise J. was a
problem child.

Following closing arguments, the trial court found defendant
guilty of first degree murder.  The trial court also found
defendant guilty of criminal sexual assault based on the ages of

defendant and Denise J.  The trial court further found defendant guilty of aggravated kidnapping, kidnapping, unlawful restraint and concealment of a homicidal death.  Defendant was found not guilty of criminal sexual assault based upon the use of force.

The trial court later denied defendant's post-trial motion.

Subsequently, the trial court found defendant eligible for a death sentence because defendant committed murder in the course of a criminal sexual assault and aggravated kidnapping.  At a hearing regarding aggravating and mitigating factors, the State introduced evidence that the offenses were committed while defendant was on parole.  The State also had Fields testify as to the impact of the murder upon her and her family.  Defendant presented no witnesses in mitigation.  The trial court ultimately sentenced defendant to natural life imprisonment for murder plus concurrent sentences for the remaining offenses, the longest of which was 30 years imprisonment.

Defendant timely filed a notice of appeal to this court.

I

Defendant initially contends that the trial court erred in denying his motion to quash his arrest and suppress evidence. The trial court indicated that the warrantless arrest of defendant in his home was nonconsensual, in violation of Payton v. New York (1980), 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371. The trial court nevertheless ruled that defendant's statement was admissible because the statement was not given in defendant's home and the arrest was supported by probable cause.  (See New York v. Harris (1990), 495 U.S. 14, 109 L. Ed. 2d 13, 110 S. Ct.

1640.) Defendant argues that the police lacked probable cause
for arrest.

Probable cause for arrest exists where the totality of the
circumstances known to the police officers at the time of arrest
would lead a reasonably prudent person to believe that the
suspect is committing or has committed a crime. The officer must
have more than a mere suspicion of guilt, but need not have
evidence sufficient to convict the suspect. The decision to
arrest relies upon factual and practical considerations of
everyday life upon which a reasonable, prudent person (rather
than a legal technician) acts. Thus, a trial court's finding of
probable cause will not be disturbed unless it is manifestly
erroneous. See People v. Cabrera (1987), 116 Ill. 2d 474,
485-86, 508 N.E.2d 708, 712.

Many factors are relevant to a determination of probable
cause, including but not limited to: (1) the proximity of defen-
dant's abode to the scene of the crime; (2) information that
defendant had committed a similar offense; (3) whether the nature
of the offense was both violent and serious; (4) whether defen-
dant was among the last to see the victim alive; and (5) whether
it appears that defendant has made false exculpatory statements
or offered differing explanations. (See People v. Williams
(1992), 230 Ill. App. 3d 761, 776, 595 N.E.2d 1115, 1125 (factors
1 through 4); People v. Tyler (1984), 128 Ill. App. 3d 1080,
1088, 471 N.E.2d 968, 975 (factor 5).) When police officers are
working in concert in investigating a crime or possible crime,
probable cause may be established from their collective

1-91-2922

knowledge, even if it is not within the personal knowledge of the arresting officer. See People v. Fenner (1989), 191 Ill. App. 3d 801, 806, 548 N.E.2d 147, 151.

Defendant does not dispute that the record establishes that at least one very serious violent crime occurred in this case. The record indicates that at the time of defendant's arrest, Detective Nitsche had information from Mr. Hill that defendant had initially stated that defendant had not seen the victim, but defendant's statement was not consistent with later conversations between defendant and Mr. Hill and information Nitsche had received from Ms. Hill, McCoy and Townsend. Nitsche had information suggesting that defendant was one of the last persons to see the victim alive on the night of her disappearance. Nitsche had information from McCoy that defendant "had been arrested before for doing something with a girl."

This information prompted Nitsche to conduct a background check of defendant that revealed defendant was on parole from a conviction for criminal sexual assault. Nitsche learned that the case had elements of strangulation and sexual molestation. Other entries on defendant's "rap sheet" alerted Nitsche to another prior arrest for criminal sexual assault. The complainant in this prior instance had lived at 251 West 117th Street. In this case, the victim's body was discovered in a garage at 251 West 117th Street. The record shows this garage was next door to defendant's abode. Given these factors, the police were entitled to more than a mere suspicion that defendant committed the crimes with which he was charged.

Defendant notes that the Area Two Youth Division, which was investigating the victim's disappearance as a missing persons case, had information that the victim was interested in men, that the victim had run away previously and that two females claimed to have seen the victim alive on August 2, 1988. The record indicates that the Area Two Violent Crimes detectives were not aware of the relevant Youth Division reports at the time of the arrest. Thus, it was not manifestly erroneous to conclude that the Youth Division was not working "in concert" with the Violent Crimes detectives on this case.

II

Defendant contends that the State failed to prove him guilty of murder beyond a reasonable doubt. The relevant inquiry on appeal is whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt, after viewing the evidence in the light most favorable to the prosecution. (People v. Jimerson (1989), 127 Ill. 2d 12, 43-44, 535 N.E.2d 889, 903.) It is axiomatic that determinations of the credibility of witnesses and the weight to be given to their testimony is the function of the trier of fact. Indeed, where the defendant's testimony is the sole evidence of what actually occurred, the trier of fact is not obligated to accept all or any part of that testimony, but may assess the probabilities, the reasonableness of any defense offered and reject any or all of defendant's account in favor of the State's circumstantial evidence of guilt. (People v. Boone (1987), 152 Ill. App. 3d 831, 835, 504 N.E.2d 1271, 1274.) A conviction based upon

circumstantial evidence must be based on proof of a conclusive nature that tends to lead to a satisfactory conclusion and produces a reasonable and moral certainty that defendant and no one else committed the crime. (People v. Williams (1977), 66 Ill. 2d 478, 484-85, 363 N.E.2d 801, 804.) This court will not disturb a guilty verdict unless the evidence is so improbable or unsatisfactory that it raises a reasonable doubt as to defendant's guilt. People v. Brandon (1990), 197 Ill. App. 3d 866, 874, 557 N.E.2d 1264, 1269.

In this case, Assistant State's Attorney Democopolous read the written statement she took from defendant on August 9, 1988. In the statement, defendant admitted having sex with the victim in the garage next door to his home. Defendant stated that the victim's shirt was pulled over her head during the intercourse. Defendant stated that the victim pulled the shirt over her head and further encouraged him to pull on something around her face, which may have been a shoelace. Defendant stated that the victim did not accompany him when he left the garage. Defendant indicated that after hearing complaints from his family about an odor coming from the garage he returned to the garage and found the victim with her shirt "still in the same position over her head."

The record in this case also indicates that defendant gave Hill and the police varying accounts of the events of the evening at issue; each of these tended to be more inculpatory than the last. The record indicates that the day after the victim disappeared, defendant asked Walker to fabricate an alibi for defendant. The record further contains the testimony of two women

-17-

18.

regarding their encounters with defendant.  A reasonable trier of fact could infer from their accounts that it was defendant's _modus operandi_ to use the threat of strangulation to coerce sex from a woman or to intimidate a woman from revealing a sexual encounter.

Viewing this evidence in the light most favorable to the prosecution, a reasonable trier of fact could conclude that defendant murdered the victim in this case.

### III

Defendant contends that his sentence of natural life imprisonment is excessive.  The record indicates that defendant was found eligible for the death penalty.  However, the trial court imposed the natural life sentence after finding that this murder "was accompanied by exceptionally brutal and heinous behavior indicative of wanton cruelty."  (Ill. Rev. Stat. 1987, ch. 38, par. 1005-8-1(a)(1)(b).)  "Heinous" may be defined as hatefully or shockingly evil, grossly bad, enormously and flagrantly criminal; "brutal" may be defined as grossly ruthless, devoid of mercy or compassion, cruel and cold-blooded; "cruelty" may be defined as a disposition to inflict pain and suffering or to enjoy its being inflicted.  People v. Hartzol (1991), 222 Ill. App. 3d 631, 651, 584 N.E.2d 291, 306.

The imposition of a sentence falls within the sound discretion of the trial court.  The trial judge's decision is entitled to great deference as he or she has had the opportunity to assess the subjective circumstances in each case, including the defendant's: (1) character and demeanor; (2) mentality; (3) abnormal

and subnormal tendencies; and (4) natural inclination or aversion
to commit crime.  People v. Henderson (1988), 175 Ill. App. 3d
483, 490, 529 N.E.2d 1051, 1055.

In this case, the trial court was aware that defendant was
on parole for a criminal sexual assault where defendant had
grabbed the then-fifteen year old victim by the neck and threat-
ened her with death if she told anyone of the assault.  The trial
court heard evidence that defendant sexually assaulted yet
another woman while pulling on the rope he had wrapped around her
neck and threatening to kill her.  Given the record on appeal,
such evidence is relevant to an assessment of whether defendant
showed abnormal tendencies or a natural inclination to commit
crime.  We also note that defendant presented no witnesses in
mitigation in this case.

This court has previously stated in a case involving the
rape and murder by strangulation of a 75 year old woman that the
trial court was "incontestably justified" in imposing a natural
life sentence.  (People v. Cole (1988), 168 Ill. App. 3d 172,
185, 522 N.E.2d 635, 643.)  Defendant has offered no compelling
reason why a similar conclusion is not warranted in this case.
Defendant states in his brief that "[t]he court's own findings
were that no forcible rape occurred."  The pages of the record
cited by defendant in support of this assertion indicate only
that the trial judge stated that he could not find that a forci-
ble rape occurred beyond a reasonable doubt due to the decompo-
sition of the body before it was discovered.  The trial judge
indicated that it was just as likely that defendant murdered the

victim after consensual sex to prevent others from learning of it. The trial court acted within its discretion in imposing the natural life sentence, as it could reasonably conclude that both scenarios involve brutal and heinous behavior indicative of wanton cruelty.

### IV

Finally, defendant contends that section 5-8-1(a)(1) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005-8-1(a)(1)) violates his constitutional rights to due process and equal protection of the laws. Defendant contends that because the trial judge may sentence him to either natural life or an extended term upon finding brutal or heinous behavior indicative of wanton cruelty (Compare (Ill. Rev. Stat. 1987, ch. 38, par. 1005-8-1(a)(1) with Ill. Rev. Stat. 1987, ch. 38, par. 1005-8-2(a)(1)), the trial judge's selection of one statutory provision over the other is arbitrary.

Defendant acknowledges that this very issue was decided adversely to his position in cases such as People v. Cartalino (1982), 111 Ill. App. 3d 578, 591-92, 444 N.E.2d 662, 673, but contends that such cases were decided incorrectly. However, defendant also acknowledges that this court has repeatedly affirmed the rationale of Cartalino -- that the statutory aggravating and mitigating factors which the trial court must weigh before imposing any sentence limit the trial court's discretion. E.g., People v. Abernathy (1989), 189 Ill. App. 3d 292, 318, 545 N.E.2d 201, 218-19; People v. Burke (1987), 164 Ill. App. 3d 889, 899-900, 518 N.E.2d 372, 378-79.

Defendant's contention that this reasoning, taken to its extreme, would allow trial judges to select a determinate year sentence in contravention of other sections of the Unified Code of Corrections is unpersuasive.  The statutory scheme contains standards that determine whether a defendant receives less than an extended term sentence.  Where a murder is accompanied by brutal and heinous behavior indicative of wanton cruelty, an extended term or natural life sentence is appropriate, depending on the aggravating and mitigating factors presented in a given case.  Defendant's contention that these factors should only be used in determining whether to sentence a defendant to between 60 and 100 years is made without citation to authority and is not supported by case law.  Thus, defendant has failed to show that section 5-8-1(a)(1) is unconstitutional.

For all of the aforementioned reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

MANNING, P.J., and BUCKLEY, J., concur.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_COOK_
(County)

_____ (Municipal)

DEPARTMENT _CRIMINAL_
(Division)

_____ (District)

People of the State of Illinois

v.

Defendant

_JEROME HENDRICKS_

}  No. _88 CR 12517_

D.O.C.
8/1/88

**ORDER OF SENTENCE AND COMMITMENT TO
ILLINOIS DEPARTMENT OF CORRECTIONS**

The defendant having been adjudged guilty of committing the offenses enumerated below,

IT IS ORDERED that the defendant _JEROME HENDRICKS_

be and he is hereby sentenced to the Illinois Department of Corrections as follows:

_8/26/91 THE HONORABLE LEO E. HOLT
SENTENCED THE DEFENDANT TO A TERM OF NATURAL LIFE
ON THE CHARGE OF MURDER (CT.1), 30 YEARS ON THE CHARGE OF
AGGRAVATED CRIMINAL SEXUAL ASSAULT (CT.10) TO RUN CONSECUTIVE TO COUNT 1
5 YEARS ON THE CHARGE OF CONCEALMENT HOMICIDAL DEATH (CT.12) TO RUN
CONCURRENT WITH COUNT 10 AND CONSECUTIVE TO COUNT 1, AND 15 YEARS
ON THE CHARGE OF AGGRAVATED KIDNAPPING (CT.14) CONCURRENT WITH
COUNTS 10 & 12 AND CONSECUTIVE TO COUNT 1. MITTIMUS TO ISSUE_

| | | Ill. Rev. Stat. | |
|---|---|---|---|
| Offense _MURDER (CT.1)_ | Ch. _38_ | Sec. _9_ | Par. _1A(1)_ |
| Offense _AGGRAVATED CRIMINAL SEXUAL ASSAULT_ | Ch. _38_ | Sec. _12_ | Par. _14B(1)_ |
| Offense _CONCEALMENT HOMICIDAL DEATH (CT.10)(CT.12)_ | Ch. _38_ | Sec. _9_ | Par. _3.1A_ |
| Offense _AGGRAVATED KIDNAPPING (CT.14)_ | Ch. _38_ | Sec. _10_ | Par. _2A(2)_ |

IT IS FURTHER ORDERED that the Clerk of the Court shall deliver a copy of this order to the Sheriff of Cook County.

IT IS FURTHER ORDERED that the Sheriff of Cook County shall take the defendant into custody and deliver him to the Illinois Department of Corrections.

IT IS FURTHER ORDERED that the Illinois Department of Corrections shall take the defendant into custody and confine him in the manner provided by law until the above sentence is fulfilled.

PREPARED BY: _N. Undalyak_
Deputy Clerk

DATED: _8/26/91_    BRANCH/CT. _104-MARKHAM_    ENTER: _____
Judge

CODE #
_235_

**INSTRUCTIONS**

CLERK is requested to insert in the appropriate spaces above (1) each sentence and the conditions thereof, including the condition that the sentence shall run concurrently or consecutively, as the case may be, with other sentences imposed by the court in this case, or other sentences imposed by courts in other cases; and (2) fill in the following information:

Name and address of counsel for defendant _____

Police Individual Record No. _639537_    Illinois Bureau Identification No. _____

**CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

1. FILE RECORD – COURT CLERK WILL ATTACH TO FILE    _23._

Rev. 2/18/93 CCCR-56

STATE OF ILLINOIS  } ss
COUNTY OF COOK

I,   DOROTHY BROWN   Clerk of the Circuit Court of Cook County, in said County and State, and Keeper of the Records and Seal thereof, do hereby certify the above and foregoing to be a true, perfect and complete copy of . . . A (ONE) VOLUME SUPPLEMENTAL RECORD CONSISTING OF CERTAIN DOCUMENTS, ONLY.   NO PRAECIPE HAVING BEEN FILED PURSUANT TO THE NOTICE OF APPEAL FILED IN THE APPELLATE COURT UNDER APPELLATE COURT NO. . 05-1223 . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

In a certain cause . . . . . . . . . . . . . LATELY . . . . . . . . . . . . . . . . . . . . . . . . . pending in said Court, between

The People of the State of Illinois . . . . . . . . . . . . . . . . . WERE . . . . . . . . . . . . . . . . . . . . ., Plaintiffs and

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . JEROME HENDRICKS . . WAS . . . . . . . . . . . . . . ., Defendant . . .

Witness:   DOROTHY BROWN
Clerk of the court, and the Seal thereof, at Chicago
In said County, . . . . MAY 5, 2006 . . . . . . xxxxxx.

. . . . . . . . Dorothy Brown, ng.
Clerk

DOROTHY BROWN      , CLERK OF THE CIRCUIT COURT OF COOK COUNTY

24.

# Transcript of Record
## Appeal
## to

APPELALTE
_____

# Court of Illinois

FIRST
_____

# District

**Circuit Court No.** _____ 88 CR 12517 _____

**Trial Judge** _____ WILBUR CROOKS _____

**Reviewing Court No.** _____ ~~06-1292~~ 06-2093 _____

THE PEOPLE OF THE STATE OF ILLINOIS
_____

**VS.**

FILED
APPELLATE COURT 1st DIST

JAN 0 8 2007

HENDRICKS, JEROME
_____

STEVEN M. RAVID
CLERK

## from
# CIRCUIT COURT
## of
# COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CRIMINAL DIVISION



ONE VOLUME **S.C. II**
SUPPLEMENTAL RECORD (CERTAIN DOCUMENTS)

**DOROTHY BROWN,**
**Clerk of the Circuit Court**



Per _____ DB/PR _____
**Deputy**

**(Rev. 1/17/01) CCCR 0310**

## UNITED STATES OF AMERICA

State of Illinois        )

                      SS.

Cook County         )

         Pleas, before a branch of the Circuit Court of Cook County, in said County and State, begun and held at the Circuit Court, in said County, COOK Two thousand and **FIVE** ~~FOUR~~ AND OF THE INDEPENDENCE OF UNITED STATES OF AMERICA, THE TWO HUNDRED AND <u>TWENTY EIGHTH</u>.

Present:        Honorable    PAUL P. BIEBEL JR.
                             Judge of the Circuit Court of Cook County

                           RICHARD DEVINE        State's Attorney

                           MICHAEL F. SHEAHAN        Sheriff of Cook County

                           DOROTHY BROWN        Clerk

Attest:

And afterwards, to wit: on **APRIL   20,    2006** , there was ISSUED TO THE Office of the Clerk of the Circuit Court of Cook County, Illinois, CRIMINAL DIVISION, the following for supplemental record:        **88 CR 12517**
**(CERTAIN DOCUMENTS)**

6/30/2004

# ORIGINAL
## FILE COPY
## DO NOT REMOVE

STATE OF ILLINOIS )
                  ) SS:
COUNTY OF COOK    )

IN THE CIRCUIT COURT OF COOK COUNTY
CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS,   )   POST CONVICTION NUMBER_____
                                   )   INDICTMENT NO.CR-
            Respondent.            )   88 CR 12517
                                   )
     vs                            )   CIRCUIT COURT OF COOK COUNTY,
                                   )
JEROME HENDRICKS,                  )   HONORABLE
                                   )
                                   )   LEO HOLT
                                   )   JUDGE PRESIDING
                                   )
PRO SE PETITIONER.                 )

## PRO SE POST CONVICTION PETITION RELIEF

Petitioner, Jerome Hendricks, comes before the Court and requests

leave to file his Pro Se Post Conviction Petition Relief pursuant

to the Post-Conviction Act, Illinois Compiled Statutes, Chapter

725, Section 5/122 et seq.

### GENERAL BACKGROUND

1. Petitioner Jerome Hendricks was found guilty of these offenses
   in August of 1991, on a bench trial, First Degree Murder,
   Aggravated Criminal Sexual Assault, Aggravated Kidnapping, and
   Concealment of a Homicidal Death.

2. Petitioner Jerome Hendricks was sentenced to Natural Life Imprisonment
   for First Degree Murder, plus 30 years, to be served consecutively,
   for the remaining charges.

3. Indictment Number 88 CR-12517.

4. Bench Trial.

5. Sentence Judge: Honorable Leo Holt.

6. Sentence date; August 26, 1991.

2.

ORIGINAL
FILE COPY
DO NOT REMOVE

HISTORY IN THE APPELLATE COURT

NOTICE OF APPEAL

GENERAL BACKGROUNDS

1. A Notice Of Appeal was timely filed on August 28, 1991.

2. His conviction was affirmed by the Illinois Appellate Court, First District, First Division in a published opinion date September 7, 1993.

3. No petition for rehearing was filed.

4. An affidavit of intent to seek further review by the Illinois Supreme Court was filed on September 24, 1993.

5. The Illinois Supreme Court denied the Petitioner rehearing in 1993.

6. The pro se Petitioner are filing a pro se post conviction petition to the Cook County Circuit Court Judge Leo Holt in February of 1994.

(1) 3

## NATURE OF THE CASE

The defendant, Jerome Hendricks, was charged under Indictment 88 CR
12517 with the offenses of first degree murder, aggravated criminal
sexual assault, criminal sexual assault, aggravated kidnapping,
concealment of a homicidal death, and unlawful restraint.
Following a bench y trial before the Honorable Leo Holt,
Hendricks was convicted of first degree murder, aggravated criminal
sexual assault, aggravated kidnapping and concealment of a homicidal
death. Hendricks was sentenced to natural life imprisonment for murder,
plus 30 years, to be served consecutively, for the remaining charges.

4
(2)

## STATEMENT OF FACTS

Jerome Hendricks was indicted for and convicted of first degree murder, aggravated criminal sexual assault, and aggravated kidnapping.

CONSTITUTIONAL VIOLATIONS
1.

JEROME HENDRICKS WAS DENIED DUE PROCESS OF THE LAW UNDER THE

UNITED STATES CONSTITUTION , BECAUSE THE POLICE DID NOT HAVE

PROBABLE CAUSE TO ARREST HIM.

The trial court erred by ruling that Jerome Hendricks arrest was supported
by probable cause. The police had no probable cause to arrest
Jerome Hendricks, and his arrest and all evidence flowing from it
should have been suppressed.

Following a lengthy pre-trial motion to quash arrest and suppress evidence,
the trial court made, as its findings of fact, that Jerome Hendrick
was arrested in his home in violation of Payton v. New York,
445 U.S. 573, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980).

This determination that probable cause existed was in error and violated
Jerome Hendricks right to be free from unreasonable search and seizure.
U.S. Const., amends. IV, XIV; Ill. Const., 1970, art. I. sec. 6.

The trial judge ruled this satisfied probable cause, and found no
Fourth Amendment violation to exist. This decision was in error.

The Fourth Amendment to the United States Constitution prohibits
police from arresting persons on the basis of "mere suspicion.

The knowledge that a defendant was the last person to be seen with the
victim does not support a finding of probable cause, but rather remains
in the realm or mere suspicion and probability.

Jerome Hendricks, however, was not the last person to be seen with
victim Denise. Yolanda Hill testified that she ordered Jerome Hendricks
to leave her house, and then ordered Denise to go upstairs.

Jerome Hendricks arrest was not based upon probable cause.
The evidence adduced at trial was that Jerome Hendricks was kept in
continuous custody until he made a statement. The statement was the
fruit of the illegal arrest and must be suppressed.

Wong Sun v. United States, 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d
441 (1963). It is respectfully requested that the trial court's
determination that probable cause existed be reversed, and that
the statement and any other evidence obtained as a result of the
illegal arrested be suppressed.

6.

(11)

<u>CONSTITUTIONAL VIOLATIONS</u>
2.

JEROME HENDRICKS WAS DENIED A FAIR BENCH TRIAL UNDER THE

UNITED STATES CONSTITUTION SIXTH AMENDMENT , HE WAS NOT

PROVEN GUILTY OF FIRST DEGREE MURDER BEYOND A REASONABLE

DOUBT.

Jerome Hendricks was not proven guilty of first degree murder beyond a
reasonable doubt. The State's sole evidence linking Hendricks to
Denise Johnson's death was Hendrick's statement, but that statement did not
implicate Hendrick's in committing first degree murder.

In the instant case, Jerome Hendricks was convicted of first degree murder
based upon circumstantial evidence.
There was no evidence linking Jerome Hendricks to the death of Denise Johnson.

As our Supreme Court stated:

The elements of murder which must be established are: The proof of death and
the proof of a criminal agency causing death. Both of these elements
must be established by evidence beyond a reasonable doubt. After these
elements, termed in law the corpus delicti, have been proved, then the law
requires that the evidence establish beyond a reasonable doubt that the
defendant was the criminal agency or put in motion the criminal agency,
which caused the death of the victim.
 <u>People v. Wilson</u>, 400 Ill. 461, 81 N.E. 2d 211, 220 (1984).

The Seventh Circuit has observed that a verdict must not rest soley on
the piling of inference upon inference, but proper judgment must be
used to evaluated what reasonably may be inferred from circumstantial
evidence. <u>U.S. v. Guzzino</u>, 810 F. 2d 687 (7th Cir.1987).

## CONSTITUTIONAL VIOLATIONS
### 3.

JEROME HENDRICKS NATURAL LIFE SENTENCE VIOLATES DUE PROCESS OF THE
LAW AND EQUAL PROTECTION OF THE LAWS UNDER THE UNITED STATES
CONSTITUTION EIGHTH AMENDMENT. THE SENTENCE ARE EXCESSIVE.

The trial court abused its discretion in sentencing Jerome Hendricks
to natural life in prison without possibility of parole for the offense
of first degree murder, The judge ruled that Jerome Hendricks actions
were brutal and heinous, but that judgment was in error.

" Heinous" has been defined as " hatefully or shockingly evil.....grossly bad..
enormously and flagrantly criminal".  "brutal" has been defined as "
grossly ruthless.... devoid of mercy or compassion......cruel and cold-
blooded." People v. LaPointe, 88 Ill. 2d 482, 501.
"Cruelty" has been further defined as a "disposition to inflict pain or
suffering or to enjoy its being inflicted."

## CONSTITUTIONAL VIOLATIONS
### 4.

THE ILLINOIS PENALTY STATUTES FOR MURDER VIOLATE DUE PROCESS
AND EQUAL PROTECTION BECAUSE THEY ALLOW THOSE WHO ARE FOUND
GUILTY OF AN EXCEPTINALLY BRUTAL OR HEINOUS MURDER TO BE
SENTENCED TO EITHER NATURAL LIFE OR AN EXTENDED TERM.

The trial judge sentenced Jerome Hendricks to natural life in prison
because he believed the Jerome Hendricks actions were exceptionally brutal and
heinous indicative of wanton cruelty.

Jerome Hendricks knows of no way these statutes can be read together so that
the application of the
statute imposing natural life can be found constitutional.
When the existence of the same factor forms the basis for two sentencing
schemes, one more favorable to the defendant than the other, defendants have
been accorded the benefits of the more favorable sentencing provisions.

See People v. Williams, 60 Ill. 2d I, 16-17, 322 N.E. 2d 819 (1975).

This favorable treatment should apply here as well.
Jerome Hendricks should have received no more than the maximum extended
term sentence.

For the reasons given, the Illinois penalty statutes for exceptinally brutal
or heinous murders are unconstitutionally arbitrary, disparate, and
discriminatory. Because the violation of Jerome Hendricks rights to due process
and equal protection is plain (Ill. Rev. Stat., 1987, ch 110A, par. 616(a),
this Honorable Court should remand this matter for resentencing.

ORIGINAL
FILE COPY
DO NOT REMOVE

PEOPLE OF THE STATE OF ILLINOIS

    Plaintiff

  vs.

Pro Se Petitioner           Indictment Number 88 CR 12517

Jerome Hendricks,

---

## NOTICE OF FILING

TO: JACK O' MALLEY         AURELIA PUCINSKI
    STATE'S ATTORNEY     CLERK OF THE CIRCUIT COURT OF COOK
    309 DALEY CENTER     COUNTY, ILLINOIS COUNTY DEPARTMENT
    CHICAGO, IL 60612     DEPARTMENT-CRIMINAL DIVISION
                         2650 SOUTH CALIFORNIA AVE
                         CHICAGO, ILLINOIS 60608

PLEASE TAKE NOTICE that on _____, I filed 6 copies

of my Pro Se Post Conviction Petition

to the Cook County Circuit Clerk Mrs. Pucinski.

### PROOF OF SERVICE

I, the undersigned, being first duly sworn on oath,

depose and state that on this date I served 6 copies of my

Pro Se Post Conviction Petition to the Cook County Circuit Court

Clerk, Mrs. Pucinski.

                              X_Pro Se Petitioner_____

Subscribed and Sworn To
Before me this 15th day of February , A.D. 1994.

_____
Notary Public

OFFICIAL SEAL
KATHRYN J. DONOVAN
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXP. MAY 8,1994

(o)10.

STATE OF ILLINOIS )  
                  ) SS:  
COUNTY OF COOK )

ORIGINAL  
FILE COPY  
DO NOT REMOVE

IN THE CIRCUIT COURT OF COOK COUNTY  
CRIMINAL DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, ) | POST CONVICTION NUMBER_____ |
| ) | INDICTMENT NO. CR-88 12517 |
| RESPONDENT. ) | CIRCUIT COURT OF COOK COUNTY, |
| ) | HONORABLE: |
| VS. ) | LEO HOLT |
| JEROME HENDRICKS, ) | JUDGE PRESIDING |
| PRO SE PETITIONER. ) | |

---

## APPLICATION TO SUE OR DEFEND AS A POOR PERSON

Applicant, Jerome Hendricks, respectfully requests the Court, pursuant to Illinois Revised Statutes, Ch. 110, Sec. 5-105 and Rule 298 of the Illinois Supreme Court, to grant him leave to defend the above-captioned cause as a poor person. In support of this request, applicant states the following statements are true in substance and in fact:

1. I am the defendant in the above- captioned legal proceeding.

2. I am a poor person and unable to defend this action and an unable to pay the costs, fees, and expenses of this action.

3. My occupation or means of subsistence:  
(a) I am not currently employed due to my imprisonment at Pontiac Correctional Center, but I do receive a State stipend of $40.00 per month as a receyling worker.

  (b) The amount and source of all other income or support are:

4. My total income for the preceding year was None.

5. The sources and amount of income expected by me hereafter are:  
None:_____

6. The nature and current value of my property, real or personal, owned by me:

  (a) Real Estate: None Value: None

  (b) Automobile: None Value: None

   (c) Cash, Savings, Checking Accounts: None

7. No applications for leave to sue or defend as a poor person were filed by me or on my behalf during the preceeding year, except as follows;

8. I believe in good faith that I have a meritorious defense.

(2) //

**ORIGINAL**
**FILE COPY**
**DO NOT REMOVE**

STATE OF ILLINOIS )
) SS:
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY
CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS, )     POST CONVICTION NUMBER
)     INDICTMENT NO. CR-88 12517
RESPONDENT.        )
)     CIRCUIT COURT OF COOK COUNTY,
)
)     HONORABLE:
VS.                )
)     LEO HOLT
)     JUDGE PRESIDING
JEROME HENDRICKS,         )
)
PRO SE PETITIONER.        )

---

MOTION TO PROCEED IN FORMA
PAUPERIS AND TO APPOINT COUNSEL

Petitioner , Jerome Hendrick, comes before the Court and respectfully
requests that he be permitted to file the attached Petition for a
Pro Se Petition in forma pauperis and to proceed in forma pauperis,
and to have an attorney appointed to represent him in this proceeding.
In support of this request, petitioner states:

1. He is presently incarcerated at the Pontiac Correctional Center,
   in Pontiac, Illinois 61764.

2. He is without adequate income or assets with which to pay the costs
   of this litigation or to procure counsel.

WHEREFORE, petitioner prays that he be granted leave to file and to
proceed in forma pauperis in the above- captioned Petition for the
Petition and to have counsel appointed to represent him this proceeding.

×_____
Petitioner, Pro Se

I, Jerome Hendricks, swear that the facts stated in this Motion are
true and correct in substance and in fact.
×_____
Petitioner, Pro Se

12.

Signed before me this ___15th___ day of ___July___ , 1994 .

OFFICIAL SEAL
KATHRYN J. DONOVAN
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXP. MAY 8 1994

_____
Notary Public

STATE OF ILLINOIS )
                ) SS:
COUNTY OF COOK   )

**ORIGINAL**
**FILE COPY**
**DO NOT REMOVE**

IN THE CIRCUIT COURT OF COOK COUNTY
CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS,     ) POST CONVICTION NUMBER_____

       RESPONDENT.                )
                              )    INDICTMENT NO. CR-88 12517
VS.                                )
                              )    CIRCUIT COURT OF COOK COUNTY
    JEROME HENDRICKS,            )
                              )    HONORABLE:
    PRO SE PETITIONER.         )
                              )    LEO HOLT
                              )    JUDGE PRESIDING
                              )

## A F F I D A V I T

I, Jerome Hendrick, affiant, do solemnly state as follows that:

         1 .   I am the Pro Se Petitioner in the above entitled cause.

         2.   I have read and understand the attached
             Pro Se Post Conviction Petition Relief.

         3.   The Pro Se Post Conviction Petition Relief is true and
             correct to the best of my knowledge.

Date: _____

X_____
Signature, Pro Se Petitioner

Subscribed And Sworn To before me this

____15th____ day of ____July____, 1994.

_____
Signature of Notary Public

OFFICIAL SEAL
KATHRYN J. DONOVAN
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXP. MAY 6, 1994

13.

(11)

**ORIGINAL**
FILE COPY
**DO NOT REMOVE**

STATE OF ILLINOIS )
) SS:
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY
CRIMINAL DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, ) | POST CONVICTION NUMBER_____ |
| ) | |
| Respondent. ) | INDICTMENT NO. CR- 88 CR-12517 |
| ) | |
| ) | |
| vs. ) | HONORABLE |
| ) | |
| ) | |
| JEROME HENDRICKS, ) | LEO HOLT |
| ) | JUDGE PRESIDING |
| ) | |
| ) | |
| PRO SE PETITIONER. ) | |

MEMORANDUM IN SUPPORT OF PETITIONER'S POST
CONVICTION PETITION

The petitioner, JEROME HENDRICKS, pro se, respectfully submits this
memorandum in support of his Petition For Post Conviction Relief.

I.

STATEMENT OF FACTS

His name is JEROME HENDRICKS. He has spent more than three (3) years at
Pontiac Correctional Center, convicted of these offenses,
First Degree Murder, Aggravated Criminal Sexual Assault, Aggravated
Kidnapping, and Concealment of a Homicidal Death,
sentenced to natural life and plus 30 years imprisonment.
JEROME HENDRICKS was represented by the Office of the Public Defenders.

1. THE POLICE DID NOT HAVE PROBABLE CAUSE TO ARREST JEROME HENDRICKS,
   AND THE TRIAL COURT THEREFORE ERRED IN DENYING THE MOTION TO QUASH
   ARREST AND SUPPRESS EVIDENCE.

2. JEROME HENDICKS WAS NOT PROVEN GUILTY OF FIRST DEGREE MURDER BEYOND
   A REASONABLE DOUBT.

14. (12)

I.

3. JEROME HENDRICKS SENTENCE OF NATURAL LIFE FOR FIRST
   DEGREE MURDER WAS EXCESSIVE.

4. THE ILLINOIS PENALTY STATUTES FOR MURDER VIOLATES DUE
   PROCESS AND EQUAL PROTECTION BECAUSE THEY ALLOW THOSE WHO
   ARE FOUND GUILTY OF AN EXCEPTIONALLY BRUTAL OR HEINOUS
   MURDER TO BE SENTENCED TO EITHER NATURAL LIFE OR AN
   EXTENDED TERM.

FILE COPY
DO NOT REMOVE

STATEMENT OF FACTS
2.

JEROME HENDRICKS WAS NOT PROVEN GUILTY OF FIRST DEGREE MURDER BEYOND
A REASONABLE DOUBT.

1. When looking at the evidence in a light most favorable to the
   prosecution, there is no proof beyond a reasonable doubt
   that JEROME HENDRICKS committed first degree murder.

2. Proof of the other offenses does not logically infer proof of murder,

3. There was no real hard evidence linking JEROME HENDRICKS
   to the death of Denise Johnson.

4. The medical examination could not reveal the date of Denise Johnson
   death in JEROME HENDRICKS case.

See: People v. Weinstein, 35 Ill. 2d 467, 220, N.E. 2d (432) 1966.

    The prosecution has the burden of proving beyond a reasonable doubt

    all the material and essential facts constituting the crime.

    The burden of proof never shifts to the accused, but remains

    the responsibity of the prosecution throughout the trial.

    The prosecution in defendant JEROME HENDRICKS case have basis his case

    upon all kind of reasonable doubts that constitutes defendant

    JEROME HENDRICKS a new trial.

    Basis upon entirely circumstantial evidence, was not sufficient

    to prove defendant JEROME HENDRICKS guilty beyond a reasonable doubt.

    Petitioner's JEROME HENDRICKS conviction must be reversed because
    there was a grave and substantial doubt that exists both as to
    the criminal agency and the cause of death of  Denise Johnson.

    See: People v. Martin, 26 Ill. 2d 547, 188 N.E. 2d 4 (1963)
    Murder conviction reversed where grave and substantial doubt exists
    both as to the criminal agency and the cause of death.

16. (14)

## STATEMENT OF FACTS
### 3.

JEROME HENDRICKS SENTENCE OF NATURAL LIFE FOR FIRST DEGREE MURDER

WAS EXCESSIVE.

1. While the death of a girl by strangulation is tragic and deserving of punishment, the facts do not support a sentence of natural life imprisonment.

2. The medical evidence suggests nothing except strangulation.

3. The court's own finding were that no forcible rape occurred.

4. The evidence against JEROME HENDRICK does not satisfy the definitions for heinous, brutal or cruel.

See: People v. Barnes, 107 Ill. App. 3d 262, 437 N.E. 2d 848 (1st Dist. 1982) The defendant was convicted of murder for the strangulation of his girl friend. The conviction was based primarily upon defendant's statement in which he admitted causing the death; however, in the same statement, he also claimed that he and the girl friend became involved in an altercation, he thought she was reaching for a knife, he threw an iron at her, and the electrical cord wrapped around her neck.
A pathologist testified that the mark on the deceased's neck was "most likely made by hand as opposed to a string or cord".
Conviction reversed and remanded..

The trial judge findings only referred to aggravation and md made no mention of the mitigation evidence at JEROME HENDRICKS sentencing hearing.

People v. Goodman, 98 Ill. App. 3d 743, 424 N.E. 2d 663(2d Dist.1981). The defendant was convicted for murder and was sentenced to a term of natural life. At the sentencing hearing evidence in mitigation(i.e. defendant's alcoholic treatment and heavy drinking at the time of the crime) was presented, but the trial judge's findings only referred to aggravation and made no mention of the mitigation evidence.
The Illinois Appellate Court held that in this circumstance the record failed to adequately demonstrate that the trial judge considered the proper criteria in imposing sentence. Sentence vacated and remanded for a new sentencing hearing.

STATEMENT OF FACTS
4

THE ILLINOIS PENALTY STATUTES FOR MURDER VIOLATES DUE PROCESS AND EQUAL

PROTECTION BECAUSE THEY ALLOW THOSE WHO ARE FOUND GUILTY OF AN

EXCEPTIONALLY BRUTAL OR HEINOUS MURDER TO BE SENTENCED TO EITHER NATURAL

LIFE OR AN EXTENDED TERM.

1. Because the violation of JEROME HENDRICKS rights to due process
   and equal protection of the law, his natural life sentence must
   be vacated.

2. The trial judge's comments infected the sentencing process in
   JEROME HENDRICK case.

3. There was no real evidence of any premeditation of this murder
   on the behalf of JEROME HENDRICK.

4. There was no unnecessary pain or torture involved in this murder case
   of JEROME HENDRICKS.

5. The circumstantial evidence convinced the judge that JEROME HENDI
   HENDRICKS was guilty of murder, but of murder  which did not
   occur as part of rape.

6. The pathological testimony was that death was due to strangulation.

7. There was no evidence of any gunshot wounds, stab wounds, fractures,
   or even bruises to the deceased body.

In addition, due process and the Eighth Amendment of the United States
Constitution require that relevant facts and circumstances be considered
before the defendant is permanently removed from society;
Lockett v. Ohio, 438 U.S. 586 (1978), Woodson v. North Carolina, 428 U.S.
280(1976)

The Supreme Court in Woodson stated that the State's power to punished under
the Eighth Amendment must be " exercised within the limits of civilized
standards." 428 U.S.

In Lockett, the Supreme Court noted that the accepted method for sentencing
is individualized sentencing where all information about defendant and other
circumstances in aggravation and mitigation are considered.

ORIGINAL
FILE COPY
DO NOT REMOVE

CONCLUSION

On the basis of the foregoing allegations ---- and taking into account any arguments to this Pro Se Post Conviction Petition to be tendered as and when additional factual information becomes available to counsel----- Hendricks moves that his conviction and sentence be vacated, and that he be afforded a new trial, on grounds that his conviction and sentence are

violative of his constitutional rights to Due Process Of Law, as set forth above.

WHEREFORE JEROME HENDRICKS, petitioner pro se moves for an evidentiary hearing on the foregoing allegations, and thereafter, for relief pursuant to the Post Conviction Hearing Act, Ill. Rev. Stat., Ch. 38, Section -122-1 et seq.  Post Conviction Act, Illinois Compiled Statutes, Chapter 725, Section 5/122 et seq.

Respectfully submitted,

/s/ x _____
JEROME HENDRICKS
N-53807
P.O. Box-99
Pontiac Correctional Center
Pontiac, Il 61764

SUBSCRIBED and SWORN to before me

this 15th day of July, 1994.

_____
NOTARY PUBLIC

_____
Pro Se Petitioner

OFFICIAL SEAL
KATHRYN J. DONOVAN
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXP. MAY 8, 1994

(17) 19.

TO:
  AURELIA PUCINSKI
CLERK of The CiRCuit CouRT of COOK
County, Illinois County DEPARTMENT,
DEPARTMENT-CRiMiNAL DiVision
  2650 South CALifoRNiA AUE.
    CHiCAGO, Ill. 60608.

**FILED**
MAY 11 1994
AURELIA ? PUCINSKI
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

  FRom:
  MR. JEROME B. HENDRiCKS
    I.D.# N-53807
    PoNTiAC, Ill. 61764
    P.O. Box-99.
CASE # 88CR12517

  TO. Whom it MAY CONCERN:

My NAme is JeRome B. HENDRiCKS, I.D.# N-53807
AND I Am WRitting this letter BeCAuse
on 11th of ApRil I Sent out A Notice
of APPeAl AND A PRO SE POST CONViStiON
To youR office (4) four Copies to your
office, AND (1) one To JACK O'MAlley office
AND (1) one Copy To The CleRk of APPellAte
CouRt fiRst DistRict, GilBeRt S. MARchmAN

AND, on MAY 2ND I RecieVe A letter fRom the
office of GilBeRt S. MARchMAN (Clerk)
    20

Stating; That they never recieve A
copy of my Notice of Appeal from
your office.

So, Therefore they're office can'nt
pursue my PRo Se Post Conviction.

I am Sending you A copy of they're letter,
And Asking you to please Contact The
office of Gilbert S. Marchman, Clerk
of Appellate Court First District.

So, They may proceed with my Pro Se
Post Conviction Appeal in they're office,

And, Please Contact me And let me
Know As well, Because They're office
Forward my Appeal Back to me, And
I'll like to know when I Can Refile
to they're office, Thank you!

                    mr. Jerome T3 Kendrick

                            21.

CLERK'S OFFICE

## APPELLATE COURT FIRST DISTRICT

### STATE OF ILLINOIS

RICHARD J. DALEY CENTER, RM. 2830

CHICAGO, ILLINOIS 60602

GILBERT S. MARCHMAN
CLERK

STEVEN M. RAVID
CHIEF DEPUTY CLERK

May 2, 1994

FILED
MAY 11 1994

Jerome Hendricks
Reg. No. N-53807
P.O. Box 99
Pontiac, IL   61764
88CR12517

Dear Mr. Hendricks:

The Appellate Court cannot process your "Pro Se Post Conviction Petition for Relief or your motion to file as a pauper and for appointment of counsel" because no filed notice of appeal has been forwarded to this office.  Contact the Circuit Court where your notice of appeal was filed and see if it has been processed and sent to this Appellate Court.

Very truly yours,'

Steve Ravid

Steve Ravid

smr/cdd

22.



AueeLiA PuciNSKi :
CleRK of the ciecuit CoueT
of cookCounTY, ILL. CounTY
DePaeTMENT cRiMiNaL DiVisiOn
2650 SO. CalifoENIA AVE,
CHiCaGe IL 60608

Mr. JeRome HendRicK # N-53807
BOX 99
PONTIAC,ILLINOIS 61764

LEGAl ~ MAil

23.

STATE OF ILLINOIS )
               ) S
COUNTY OF COOK    )

**FILED**

DEC 1 8 1994

DAVID ORR

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT    -    CRIMINAL DIVISION**

CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

| | |
|---|---|
| JEROME HENDRICKS )<br>           Petitioner )<br>                 )<br>       vs.         )<br>                 )<br>PEOPLE OF THE STATE OF ILLINOIS )<br>          Respondent ) | P.C. NO. 88 CR-12517 |

## AMENDED MOTION TO DISMISS

Now comes the Respondent, People of the State of Illinois, by Jack O'Malley, State's Attorney of Cook County, Illinois, and John Haskins, Assistant State's Attorney, and respectfully moves this Honorable Court to strike the petition heretofore filed herein and to dismiss the proceedings for the following reasons:

1. Petitioner's allegations fail to raise any constitutional questions within the purview of the Post-Conviction Hearing Act.

2. Those of petitioner's allegations which might in their broadest sense be construed as raising such constitutional questions are merely bare allegations which, on numerous occasions, have been held by the Supreme Court of Illinois and the Appellate Court of Illinois, First District, to be not sufficient to require a hearing.

1

24

3.   The petitioner's allegations are barred by the doctrines of res judicata and waiver.   The petitioner had appealed his conviction and sentence.   The petitioner's conviction and sentence were affirmed on direct appeal.   According to applicable Illinois case law, it is well established that the scope of post-conviction review is limited by the doctrines of res judicata and waiver. Where the petitioner has appealed his conviction, all issues actually adjudicated on direct appeal are now res judicata, and all issues which the petitioner could have raised in his direct appeal but failed to raise are now deemed waived.   People v. Stewart, 123 Ill.2d 368, 528 N.E.2d 631 (1988); People v. Gaines, 105 Ill.2d 79, 473 N.E.2d 868 (1984); People v. Derengowski, 44 Ill.2d 476, 256 N.E.2d 455 (1970).

4.   The petitioner had previously filed a petition for post-conviction relief which was denied on March 21, 1994.   This was affirmed by the Illinois Appellate Court in an Anders Opinion Rule 23 on November 21, 1994.   Therefore, the allegations which are contained in the current petition for post-conviction are barred by the doctrines of res judicata and waiver.   Illinois Revised Statutes, 725 ILCS 5/122-3, states:   "Any claim of substantial denial of constitutional rights not raised in the original or amended petition is waived."   Ill. Rev. Stat., 725 ILCS 5/122-3. The Illinois Post-Conviction Hearing Act contemplates the filing of only one post-conviction petition.   The Illinois Supreme court has held that a ruling on a post-conviction petition has res judicata effect with respect to all claims that were raised or could have

25.

or could have been raised in the initial petition.  People v. Free, 122 Ill.2d 367, 522 N.E.2d 1184 (1988); People v. Richeson, 50 Ill.2d 46, 277 N.E.2d 134 (1971).

WHEREFORE, the respondent prays that an order be entered by this Court, striking the petition of the petitioner Jerome Hendricks,  and dismissing the proceedings.

Respectfully submitted

JACK O'MALLEY
State's Attorney of
Cook County, Illinois

By:

John Haskins
Assistant State's Attorney

3

26.

*Cr. 26*

ORIGINAL
FILE COPY
DO NOT REMOVE

Clerk's Office
APPELLATE COURT FIRST DISTRICT
State of Illinois
160 N. LaSalle, Suite 1400
Chicago, Illinois 60601

**FILED**
1995 FEB 21  PM 2:48
AURELIA PUCINSKI

02/15/95

Honorable Aurelia Pucinski
Circuit Court of Cook County
Chicago, Illinois

Re: People v. Hendricks, Jerome
    Appellate Court No.: 1-94-1570
    Trial Court No. 88CR12517

Dear Ms. Pucinski:

    Attached is the Mandate of the Appellate Court in the above entitled cause.

    We are sending the attorneys of record a copy of this letter to inform them that the mandate of the Appellate Court has been filed with you.

                    Gilbert S. Marchman
                    Clerk of the Appellate Court
                    First District, Illinois

Attachment

**FILED**

FEB 23 1995

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

cc: All attorneys of record

*27.*

THE APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

FILED

Hon. Calvin C. Campbell, Justice

1995 FEB 21  PM 2: 48

Hon. Robert Chapman Buckley, Justice

AURELIA PUCINSKI

Hon. John M. O'Connor, Justice

Gilbert S. Marchman, Clerk                    Michael F. Sheahan, Sheriff

---

On the Twenty-First day of November, 1994, the Appellate Court, First
District, issued the following judgment:

No. 1-94-1570

PEOPLE OF THE STATE OF ILLINOIS,          APPEAL FROM COOK COUNTY
      Plaintiff-Appellee,                 Circuit Court No. 88CR12517
      V.
JEROME B. HENDRICKS,
      Defendant-Appellant.

FILED

FEB 2 3 1995

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

As Clerk of the Appellate Court, in and for the First District of the State
of Illinois, and the keeper of the Records, Files and Seal thereof, I
certify that the foregoing is a true copy of the final order of said
Appellate Court in the above entitled cause of record in my office.

IN TESTIMONY WHEREOF, I have set my hand
and affixed the seal of said Appellate
Court, at Chicago, this Fifteenth day
of February, 1995.

Clerk of the Appellate Court
First District, Illinois

28.

NOTICE

The text of this order may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.

1-94-1570

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| v. | ) | No. 88 CR 12517 |
| JEROME HENDRICKS, | ) | Honorable Leo Holt, |
| Defendant-Appellant. | ) | Judge Presiding. |

O R D E R

Following a bench trial, defendant was found guilty of first degree murder, aggravated criminal sexual assault, aggravated kidnapping, kidnapping, unlawful restraint and concealment of a homicidal death.  He was sentenced to natural life imprisonment for murder plus concurrent sentences for the remaining offenses, the longest of which was 30 years imprisonment for criminal sexual assault.  These sentences run consecutively to the natural life sentence.  On appeal, this court affirmed the judgment. (People v. Hendricks (1993), 253 Ill. App. 3d 79, 625 N.E.2d 304.)  On February 24, 1994, defendant filed a pro se post-conviction petition which the trial court summarily denied on March 21, 1994.

The public defender of Cook County, who represents defendant on appeal, has filed a motion for leave to withdraw as appellate counsel.  A brief in support of the motion has been submitted

29.

1-94-1570

pursuant to <u>Pennsylvania v. Finley</u> (1987), 481 U.S. 551, 95 L.
Ed.2d 539, 107 S. Ct. 1990, in which counsel states that he has
reviewed the trial record and concluded that there are no
arguable bases for collateral relief.

    We have carefully reviewed the record in this case and the
aforesaid brief in compliance with the mandate of <u>Pennsylvania v.
Finley</u> and no issues of arguable merit.  Therefore, the motion of
the public defender for leave to withdraw as counsel is allowed
and the judgment of the circuit court is affirmed.

    Affirmed.

    CAMPBELL, P.J., with BUCKLEY, J., and O'CONNOR, JR., J., con-
curring.

2

*30.*

IN THE CIRCUIT COURT **Of COOK** COUNTY, ILLINOIS

STATE OF ILL,

Plaintiff-Petitioner,

v.

JEROME HENDRICKS

Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

P.C. No. **88-12517**

The Honorable

**LEO HOLT** ,

Judge Presiding.

6 TH DIST.    NOTICE OF FILING

TO:

Clerk of The Court
16501 S. Kedzie
Markham, IL 60426

)
)
)
)
)

_____
_____
_____
_____

PLEASE TAKE NOTICE that on or before the **4** day of **March** 19 **97** , I shall file with the Clerk of the Circuit Court of **Cook** County, Illinois, the attached Plaintiff-Petitioner's

**MOTION FOR BAR ASSOCIATION ATTORNEY**

a copy of which is hereby served upon you.

By: **Jerome Hendricks**
Register Number **N-53807**
Post Office Box 711,
Menard, Illinois   62259

CERTIFICATE OF SERVICE

I, **Jerome Hendricks** , being duly sworn upon my oath depose and state that I have served copies of the foregoing to the person named above by placing such copies in the U.S. Mailbox at the Menard Correctional Center, on the **4** day of **March** , 19 **97** ; postage prepaid.

**Jerome Hendricks**
Affiant/

Subscribed and Sworn To Before

Me This **4** Day of **March** , 19 **97** .

NOTARY    PUBLIC    SEAL

"OFFICIAL SEAL"
JEFFREY L. CROSSLAND
Notary Public, State of Illinois
My Commission Expires 19 ...

31.

STATE OF ILLINOIS )
                  )  SS.
COUNTY OF _COOK_  )

IN THE CIRCUIT COURT OF _COOK_ COUNTY

PEOPLE OF THE STATE OF ILLINOIS )
                                )
                                )
                                )
            vs.                 )    CASE NO. _P.C. 88-12517_
                                )
                                )    HONORABLE _LEO HOLT_
                                )
_Jerome Hendricks_              )
                                )

MOTION FOR BAR ASSOCIATION ATTORNEY

NOW COMES the defendant, _Jerome Hendricks_ , in his own proper person, and

moves this Honorable Court to enter an order providing that the defendant shall be

appointed counsel other than the Illinois Public Defenders Office to represent him

in his defense against the State of Illinois.

1.  That he is the defendant in this cause and that he is indigent and without the

financial support and resources of any description whatsoever with which to retain

counsel to represent him in his defense.

2.  That he possesses a Federal and State Constitutional Right to the Effective

assistance of Counsel to represent him in his defense. . United States Constitution,

Amendment six:  Gideon v. Wainwright 372 U.S. 355 (1963); Illinois Revised Statutes

Chapter 38, Section 113-3(3).

3.  That defendant: _has been incarcerated continuously since_
_August 1988 and am presently held in custody at the_
_Menard Correctional Center, Menard, Illinois._

4. I believe I have a meritorious defense which is neither frivolous or malicious

5. that in regards to rule 651 (c), which is stipulated in the record of proceedings in this matter, there would be a genuine conflict of interest if assistance of counsel arose from the Public Defenders' Office

6. wishes this honorable Court to provide him a Bar Association Attorney where the issues of this docket-numbered matter can be efficiently mitigated.

7.

Wherefore, the defendant prays that this motion be allowed and granted.

SUBSCRIBED AND SWORN TO BEFORE ME

ON THIS 4 DAY OF March 1997

N O T A R Y   P U B L I C

"OFFICIAL SEAL"
JEFFREY L. CROSSLAND
Notary Public, State of Illinois
My Commission Expires 1-18-00

33.

RESPECTFULLY SUBMITTED

Jerome Hendricks   PRO SE.



Clerk of The Court
6 TH District Circuit Court
16501 Kedzie
Markham, IL 60426

60926+5503

Mr J. Hendricks
Reg No. N53807
P.O. Box 711
Menard, IL 62259

RE: 88-12517
Hon. Leo Holt, Rm

LEGAL MAIL

34

FILED

SIXTH MUNICIPAL DISTRICT
CIRCUIT COURT, COOK COUNTY

JAN 1 4 1998

AURELIA PUCINSKI
CLERK OF CIRCUIT COURT

STATE OF ILLINOIS )
                 )§
COUNTY OF COOK   )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT    -    CRIMINAL DIVISION


JEROME HENDRICKS            )
                Petitioner )
                           )
        vs.                )    P.C. NO. 88 CR-12517
                           )
PEOPLE OF THE STATE OF ILLINOIS )
                Respondent )


## MOTION TO DISMISS

Now comes the Respondent, People of the State of Illinois, by Jack O'Malley, State's Attorney of Cook County, Illinois, and John Haskins, Assistant State's Attorney, and respectfully moves this Honorable Court to strike the petition heretofore filed herein and to dismiss the proceedings for the following reasons:

1. Petitioner's allegations fail to raise any constitutional questions within the purview of the Post-Conviction Hearing Act.

2. Those of petitioner's allegations which might in their broadest sense be construed as raising such constitutional questions are merely bare allegations which, on numerous occasions, have been held by the Supreme Court of Illinois and the Appellate Court of Illinois, First District, to be not sufficient to require a hearing.

1

35-

3.    The petitioner's allegations are barred by the doctrines of res judicata and waiver.    The petitioner had appealed his conviction and sentence.    The petitioner's conviction and sentence were affirmed on direct appeal.    According to applicable Illinois case law, it is well established that the scope of post-conviction review is limited by the doctrines of res judicata and waiver. Where the petitioner has appealed his conviction, all issues actually adjudicated on direct appeal are now res judicata, and all issues which the petitioner could have raised in his direct appeal but failed to raise are now deemed waived.    People v. Stewart, 123 Ill.2d 368, 528 N.E.2d 631 (1988); People v. Gaines, 105 Ill.2d 79, 473 N.E.2d 868 (1984); People v. Derengowski, 44 Ill.2d 476, 256 N.E.2d 455 (1970).

WHEREFORE, the respondent prays that an order be entered by this Court, striking the petition of the petitioner Jerome Hendricks, and dismissing the proceedings.

Respectfully submitted

JACK O'MALLEY
State's Attorney of
Cook County, Illinois

By:

John Haskins
Assistant State's Attorney

2

36.

88cr 12517
Bridgeveiw

**FILED**

NOV 23 1999

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

STATE OF ILLINOIS                    )
      Plaintiff,                   )
                        )
                        )
-v-                                  )
                        )   Case No: 88-12517
                        )
JEROME HENDRICKS                     )
      Defendant(s)                 )

### MOTION FOR APPOINTMENT OF COUNSEL

**NOW COMES**  JEROME HENDRICKS.              , the plaintiff, abd moves this

Honorable Court for an order appointing counsel to represent him in the instant

cause.

    In support of his motion, plaintiff submits as follows:

    1.   That he is presently a prisoner in the State of Illinois, currently

incarcerated at the Stateville Correctional Center, P.O. Box-112, Joliet, Illinois

60434.

    2.   That he is without sufficient funds or other assets with which to pay

an attorney to represent him in this action, or to pay the cost of these proceedings.

    3.   That this action contains complex legal issues which plaintiff, a layman,

cannot properly address due to his lack of formal legal training and inexperience.

    4.   That based on the foregoing, plaintiff's access to the court will not be

meaningful, effective or adequate without assistance of counsel to represent him.

    **WHEREFORE**, plaintiff prays that counsel be appointed to represent him in

this action.

                            Respectfully Submitted,

37.                          /s/ J. Hendricks