IN THE UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF ILLINOIS,



|  |  |
|---|---|
| United States Of America Exrel ) | Case # 08C1589 |
| Petitioner, ) |  |
| Jerome Hendricks ) | Honorable Judge |
| V. ) |  |
| ) | Matthew F. Kennelly, |
| Donald Hulick, warden ) |  |
| Respondent |  |

PETITIONER'S RESPONSE

OF RESPONDENT DONALD HULICK

FILED
Jul 17, 2008
JUL 1 7 2008  mB

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Petitioner Jerome Hendricks, is presently incarcerated at the Menard C.C.,ILL, prison # N-53807 serving a natural life sentence after a bench trial, before the Honorable, Leo Holt, Cook County Court ILL.

Petitioner has filed the instant petition for writ of Habeas Corpus pursuant 28 US.C.2254

ADVANCES THE CLAIMS OF

1) The state court erred in denying motion for substitution of councel.

2) Petitioner was denied a fair trial by Prosecutorial Misconduct,

3) The natural sentence is unconstitutional,

REASON FOR GRANTING THE PETITION.

In the petitioners arguement, That the public defenders office did not handle the case in a most professional matter. NOR,did this office show any expreienc As argued in the start, isnt if the petitioner had a right to counsel upon his post conviction petition.

The arguement here is if the counselors that was put upon the case, Did the proform the duties that they was to proform. this office was on this petitione case for seven years or more and witnin this time of being upon this case has not acted on the part of the petitioner at all.

Even after the courts had sent the petitioners case to the circuit court on a supreme court rule, violation, 651c This office still did not take the case and prepare it as they was suppose to had,
When the hon, holt ask the counsel if you even know how much time this defenda has, counsel could not reply. so how was this counselor preparing angthing on this case at all,  After a phone call with one of the counselors out of the same office, counsel  stated you know you done this. Then later sent a letter to apologized.

After being given a consecutive sentence to a natural life sentence, and the Illnois appellate court agreed that there should not be  consecutive sentence, Because of this , the total sentence should be reviewed.

## THE STATE COURT ERRED IN DENYING THE MOTION
## FOR SUBSTITUTION OF COUSEL

------------------------------------------------

**ARGUMENT**

1

When a claim of INEFFECTIVE OF COUNCEL is based on counsel's failure to raise/argue certain issues upon appel, the court must determined whether counsel fail to present significant issues on appeal,

They argue, violation of state law are cognizable only if they resalt in fundamental unfairness and consequently violate petitioner; constitutional rights, using the case Lechner v. Frank 341 f.3d 635,642 (7th Cir 2003) in support of this argument Where as the record that they presented itself shows that counsel fail to comply with the ILL supreme court rule 651(c), of this matter counsel was found Ineffective, and it was many other times, and still I was put back in that office, The law states; If that counsel is found ineffective that office nor-counsel can no longer represent that client, see; Karina v. Thieret, f.2d. 1409 at1417 (7th cir 1980), Jones v. Barnes (1983) 463 US 746, 103 s,ct 3308 77 1,ed 2d 987. also) US v. Spanard, 438, f.2d.717(2nd cir 1971) People v. Glover 257 cal app.2d 502, 65 cal 219, That counsel didn't give the petitioner a right to fundamental faihess in the proceeding to receive a fair just chance, not removing the petitioner from that office had taken any level of fairness of assistance of counsel as the record reflected that counselor's from that office did not, research, investigate, nor communicate this resulted in a low standard of representing any client, even though Illinois does give a level of assistance of counsel, this office level of assistance was not reasbnable

(2)

There is no constitutional right to counsel on a Post Conviction Petition, The argument here is once counsel is put on the case by the courts, that counsel's work should be of the standards to perform as sworn to do so, This office nor counselor was not and the petition should've been given a fair chance to fight see; Smothernman v. Beto 276 f.supp. 579,588 also Kott v. Green, 303 f.supp 821 ( N.D. Ohio 1969) The argument isn't receving counsel, It's the duty of the counsel while on the case, The Public Defenders office and counselor's that was put upon the case didn't give the petitioner a fair fight the court didn't give the petitioner a fair chance for not substitution of counsel and office. Petitioners clame is cognizable and the Habeas relief should be granted.

## PROSECUTORIAL MISCONDUCT

ARGUMENT

    2)

    The petitioners indictment was based on false testimony, by Micheal Walker, James Hill, testimony the state knewof this false testimony even before they were put on the stand, If counsel would've brought these fact forth  If the record would have shown prosecutoriel misconduct on appeal, that the state knew Micheal Walker was a suspect on this case as well, and that he had a criminal background, That he would make any statement just to get out of the case. He made the statement to the police that the petitioner spoke to him of being a alibi witness for him, when there was no proof of that at all, to take his word over the petitioner, Jerome Hendricks, when he was being question as well When a Rosa Wittaker would lived across the street, stated; I seen people over there and I know Jerome Hendricks and it didn't look like he was over there, But a description of Micheal Walker was given this how he became a suspect, People v. 238 Ill, 3d 480,606 N.E. 2d 439(1st dist 1992) People v. Mock, 437 N.E. 2d 396. The record also show where the court stated James Hill, I do not believe you, I think your lying, but court allowed James Hill to later testify, how can he be truthful now!
The truth of the matter is that the state had to interview both witness as state witness The state had knowledge before hand of these false testimony, see; Napue v. Illinois 360 U.S. 264,262 79S.ct also Mooney v. Holahan 294 U.S. 103 ,112-55 S.ct 340, 341 There testimony was not factual in this case; Herrera v. Collions 506 US 390 (1993) claim of hypothetical freestanding innocent of doing the murder, but not committing the sex act of which DNA prove the fact, The state default in the case at hand the petitioner Jerome Hendricks told the state he didn't committ the murder and the state didn't prove he committed the murder beyond a reasonable doubt other then the Post Conviction, The state was in default, the petitioner shown enough to standard see; Schaup v. Delo 513 US 298(1995) the petitioner has shown constitutional defect in the states case, Herrera v. Collins,506 US 390(1995) there for petitioner should be entitled substantive Habeas review on this clame,

(4)

APPRENDI SHOULD APPLY

NATURAL LIFE UNCONSTITUTIONAL

ARGUMENT     ---------------------------------

3)

Petitioner argues that apprendi should apply here, while facing a death penalty case of which Honorable Leo Holt found cause not to give to the petitioner at this point of sentencing the petitioner after being forced to a bench trial, that he could sentence the petitioner to a automatic natural life with out parole, if the petitioner would have had a chance to put the fact before a jury would the petitioner received a natural life sentence? For the judge to hear the case and decide the sentence after not giving the petitioner the death penalty that this judge took away for his reason now to sentence the petitioner to a natural life plus sentence, This is more then that is given to this court, That he would sentence the petitioner to a term greater then which a jury finding see; Blankly v. Washington 542 US 296(2004) was the exeptionally brutal or heinous behavior actually proven here in this case The only thing they can argue is the retroactivery apprendi about the law? What of the consecutive sentence, that should not have been? and was a violation.

Which enhanced the sentence, the natural life sentence is in violation of due process and the eighth amendment see; Lockett v. Ohio, 438 US 586 (1978) Woodson v. North Carolina 428 US 280 (1976) Robert v. Louisiana 428 US 352(1976) The supreme court in woodson stated that the states power to punish under the eighth amendment must be exercised with limit, that the natural life sentence without parole is cruel and unusal punishment. Solem v. Helm 463 US 277(1983) Rummel v. Estelle 455 US 263(1981) Brutal and Heinous enhance penalties see; People v. Cervantes 189 ILL, 2d 80 723 N.E. 2d 265

The petitioner should be entitled to relief.

(5)

## CONCLUSION
----------
----------------------

The petitioner arguments is showing enough to standard of the petition for Habeas Corpus, in granting a evidentiary hearing, that this court grants motion for counsel to defend the merits are cogniable...

IN THE
United States District
Court, Northern District,

Jerome Hendricks
Plaintiff,

v.

Donald Hulick, Warden.
Defendant

Case No. 08C1589

Matthew F. Kennelly,

## PROOF/CERTIFICATE OF SERVICE

TO: Office of
Clerk of the US
District Court House,
219 S. Dearborn St,
Chicago, IL 60604

TO: _____

TO: _____

TO: Office of
Lisa Madigan
Attorney General
100 W. Randolph St, 12th Fl,
Chicago, ILL 60661

PLEASE TAKE NOTICE that on __July 10th__, 20_08_, I have placed the documents listed below in the institutional mail at __Menard__ Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: _____

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 7-10-08

/s/ Jerome Hendricks
NAME: Jerome Hendricks
IDOC#: N-53807
Menard Correctional Center
P.O. BOX 711
Menard, IL 62259